[15310. In Bank.—June 13, 1893.]

## CAROLINE A. PAINTER, EXECUTRIX, ET AL., APPELLANTS, *v.* THEODORE P. PAINTER ET AL., RESPONDENTS.

| 98 | 625 |
| 116 | 460 |
| 98 | 625 |
| 123 | 416 |
| 98 | 625 |
| 126 | 684 |
| 98 | 625 |
| 124 | 334 |

APPEAL—STAY OF PROCEEDINGS—JUDGMENT UPON PARTNERSHIP ACCOUNTING—APPEAL BOND.—A judgment in an action for an accounting of a partnership which adjudges that the plaintiffs are entitled to receive from the defendant personally, in accordance with the terms and provisions of the judgment, the sum of money found due them, such sum to be a lien upon the defendants' interest in the partnership, a portion of which consists of real estate, and which directs his interest to be sold, and if there shall be any deficiency, a personal judgment for such deficiency shall be entered against the defendant, has the effect to postpone the right of the plaintiffs to a personal judgment and to execution thereon until the ascertainment and entry of a deficiency judgment, and the defendant after an appeal from such judgment, with an ordinary appeal bond, is entitled to a writ staying the execution of the judgment until the determination of such appeal.

XCVIII. CAL.—40

ID.—BOND FOR DEFICIENCY—ORDER OF SALE TO SATISFY LIEN.—No bond for
a deficiency is required to stay execution upon an order or decree directing a
sale of real estate for the purpose of satisfying any lien other than a mortgage
lien.

APPLICATION to the Supreme Court for a writ staying exe-
cution of a judgment.

The facts are stated in the opinion of the court.

*Pringle, Hayne & Boyd*, for Appellants.

*Fox & Kellogg*, for Respondents.

The COURT. — This is an original application for a writ stay-
ing proceedings in the court below upon a judgment during the
pendency of an appeal therefrom to this court. The appellant
has given the ordinary undertaking on appeal from the judg-
ment required by section 941 of the Code of Civil Procedure.

The application must be granted. It would have been en-
tirely proper under the pleadings in the action to have entered
a judgment in favor of plaintiffs for the amount found to be
due them upon the accounting, and upon such a judgment the
plaintiffs would have been entitled to an execution against all
property of the defendant, as upon an ordinary judgment for
the recovery of money; but the judgment actually given seems
to be of a different character. After reciting the amount due
from the defendant, Thomas P. Painter, to the partnership of
which he and Jerome B. Painter, now deceased, and represented
in this action by plaintiffs as his executors, were members, the
court in the decree appealed from proceeded to adjudge that
plaintiffs " are entitled to and shall have and receive from said
Theodore P. Painter, defendant (in accordance with the terms
and provisions of this judgment and decree), personally . . . .
the sum of $14,337.82." The decree then makes this sum a
lien upon that defendant's interest in the partnership property,
and further directs that such interest be sold " to realize and
pay the said amount of $14,337.82 to said plaintiffs," and if
such interest be not sufficient for that purpose, " then upon the
ascertainment of the deficiency, that a judgment for such defi-
ciency shall be docketed for such balance, and entered against
said Thomas P. Painter personally, in favor of plaintiffs," and

that said plaintiffs shall have the right to apply for and have such judgment against said defendant. A portion of the partnership property thus directed to be sold consists of real estate.

The effect of this decree is clearly to postpone the right of plaintiffs to a personal judgment against the defendant, Theodore P. Painter, for the recovery of the money found to be due from him to the plaintiffs, as representatives of the deceased partner, until such time as the interest of the defendant in the partnership property has been sold or appropriated, as in the decree provided, and then such personal judgment shall only be for the deficiency appearing after the application of such property or its proceeds to the satisfaction of said indebtedness. Until a judgment for such deficiency has been entered, there will be no personal judgment against the defendant directing the payment of the money, within the meaning of section 942 of the Code of Civil Procedure. In so far as the decree directs the sale of real property for the satisfaction of the lien therein declared, no undertaking to pay the deficiency is required in order to stay its execution, because such lien was not created by mortgage, and it is only in such case that an undertaking to pay the deficiency is required by section 945 of the Code of Civil Procedure. This was so held in *Englund* v. *Lewis*, 25 Cal. 354, in construing section 352 of the old Practice Act, which contained similar provisions to those found in section 945 of the Code of Civil Procedure. It was there said: "Where the sale is directed for the purpose of satisfying any lien other than a mortgage lien, the undertaking need not provide for the payment of any deficiency which the judgment may direct. To this extent the statute discriminates in favor of mortgage, and against all other liens."

It follows from these views that the defendant is entitled to a writ staying the execution of the judgment appealed from, until the determination of such appeal.

Application for writ staying execution granted.