[S. F. No. 1374. Department Two.—June 22, 1900.]

THOMAS MORAN, Respondent, v. THOMAS McINERNEY et al., Appellants.

PARTNERSHIP—PURCHASE AND SALE OF LAND—DISSOLUTION AND ACCOUNTING—LAND IN NAME OF ONE PARTNER—ENCUMBRANCES—SALE—RELIEF. In an action to dissolve a partnership for the purchase and sale of real estate, and for an accounting and settlement thereof, real estate shown to belong to the partnership should be treated as personal property, and sold to pay debts, and the residue distributed; and it is improper for the court to decree that the plaintiff recover from the other partner and from codefendants an undivided half of real property which stood in the other partner's name, and was encumbered or conveyed while in his name for the payment of partnership and private debts.

ID.—RIGHTS OF PARTNERS—DISTRIBUTION SUBJECT TO LIENS—CONSENT REQUIRED.—Each partner is entitled to have the interests of the partners severed upon a dissolution and accounting; and unless the partners consent to distribution of partnership real property subject to liens to secure partnership debts and the individual debts of the partners, such a decree should not be entered.

ID.—POWER OF COURT AS TO LIENS.—The court has no power to declare that certain debts, and especially costs, shall constitute liens on the partnership real estate, nor to create a lien upon the partnership property or the portions thereof assigned to the parties; but, if costs or indebtedness are properly payable out of the partnership assets, the court should order them paid out of the proceeds of a sale of such assets.

ID.—ANSWER OF CREDITOR OF DEFENDANT PARTNER—AFFIRMATIVE RELIEF—ABSENCE OF SERVICE—UNAUTHORIZED JUDGMENT.—An answer of an individual creditor of the defendant partner which

claimed the affirmative relief of payment out of his interest in
the partnership real estate, if not served upon such partner,
nor answered by him as a cross-complaint, cannot support a
judgment against him in favor of such creditor for the affirma-
tive relief demanded.

ID.—EXECUTION SALE OF DEFENDANT'S INTEREST—INTERESTS NOT DE-
FINED—IMPROPER DECREE.—An execution sale of the defendant
partner's interest in specified real estate of the partnership
which stood in his name will not justify a decree which does
not define the interest of the defendant partner or of the pur-
chaser in such real estate, and does not award a liquidation of
the partnership debts, and a sale and distribution of the partner-
ship assets in definite amounts and proportions to specified per-
sons, and which improperly awards a recovery by the plaintiff
against all of the defendants of an undivided half of such speci-
fied real estate.

ID.—JUDGMENT IN FAVOR OF MORTGAGEE—FINDINGS.—A judgment in
favor of a mortgagee of part of the partnership property, which
is not supported by the findings, is erroneous.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. A. A. Sanderson, Judge.

The facts are stated in the opinion of the court.

M. C. Hassett, for Appellants.

T. Z. Blakeman, for Respondent.

TEMPLE, J.—The action was brought against defendant
McInerney to dissolve a copartnership, and for an accounting.
Plaintiff also asked that certain property be declared to be
partnership property, and be distributed between plaintiff and
defendant as partners. McInerney answered and denied the
existence of the partnership and all allegations made by plain-
tiff in respect thereto. In this state of the pleadings a trial
was had and an interlocutory decree was entered. No findings
were made, but it was decreed that plaintiff and defendant did
prior to May, 1870, enter into and form a copartnership for the
purpose of buying and selling real estate, and subsequently did
buy and sell real estate in pursuance of the partnership agree-
ment, and that plaintiff was entitled to have said partnership
dissolved, and a referee was appointed to state an account.
This decree bears date May 2, 1889. Subsequently, January 9,
1891, plaintiff filed a supplemental complaint, bringing in and

making defendants George W. Burnett, the Humboldt Savings and Loan Society, and Patrick Cahill. In this supplemental complaint it is alleged, *inter alia*, that in 1884 McInerney conveyed to Burnett certain property, alleged to have been the property of the copartnership, to secure payment to Burnett of the sum of two thousand seven hundred and fifty-six dollars and ninety cents to redeem the land from foreclosure sales upon mortgages existing on the land when the same were purchased for the copartnership; and also that defendant McInerney in 1884, after the commencement of this action, assigned and conveyed to said Cahill, for the benefit of the creditors of McInerney, all the real and personal property of McInerney; that Cahill never filed an inventory or qualified as such assignee, and subsequently McInerney settled with his creditors. Burnett answered, admitting the conveyance, but denied that it was intended as a mortgage. Cahill also answered, admitting the conveyance to him, but alleging that McInerney was indebted to him, and demanded payment out of the interest of McInerney.

Later other supplemental complaints were filed charging that McInerney had conveyed since the commencement of the action other interests in the land, and, among others, that M. C. Hassett had acquired an interest by conveyance from McInerney, and that Hassett acquired such interest with full notice of the rights of plaintiff in respect to the land. Answers were interposed to these supplemental complaints, a trial had, findings made, and a decree was entered.

The first objection to the judgment is that the court erred in decreeing that plaintiff have and recover from Thomas McInerney and the other defendants an undivided one-half of the property (describing it). Supposing McInerney to be merely the trustee of plaintiff, this certainly was a very unusual form for a decree. The title was left in McInerney, but by the judgment plaintiff would be let into joint possession with the defendants. This is a proper form of a judgment in ejectment, but not in an action by a *cestui que trust* to get the title from his trustee. But the action was for a dissolution of a copartnership. In such case the real estate should be treated as personal property and sold to pay debts, if there are any, and the residue distributed. (*Coward v. Clanton,* 79 Cal. 23; *Bates v. Babcock,* 95 Cal. 479.[1])

[1] 29 Am. St. Rep. 133.

In this case the property was distributed subject to several liens to secure partnership debts, and even subject to liens to secure the individual debts of each of the partners. Unless the parties consent to such a decree it should not be entered. To have their interests severed is itself a relief to which each partner is entitled.

But the court has no power to declare that certain debts, and especially costs, shall constitute liens upon the partnership property. If the costs or indebtedness was properly payable out of the partnership assets, the court could and should have caused a sale to be made of the assets, and could have ordered such claims paid from the proceeds; but a lien cannot be created by the court upon the partnership property or upon the portions assigned to the parties.

Cahill filed no cross-complaint. He asked for affirmative relief in his answer, but this was not served on McInerney, nor did McInerney answer it as a cross-complaint. No issue was made between Cahill and McInerney, and no judgment could have been rendered establishing as against McInerney a money demand.

Hassett, having been made a defendant by a supplemental complaint, answered admitting that he had acquired an interest in the property described in the complaint since the commencement of the action, but denied that plaintiff had any title to or interest in the property as partner or otherwise. In the findings the court finds that several judgments were rendered against McInerney under which execution sales were made; that Hassett succeeded to the interests of the purchasers, and that sheriff's deeds, in pursuance of the sales, were made to Hassett or his grantors. It does not find what interest Hassett has in the property, or whether he has any, but that he has none except "in the share or portion thereof belonging to the defendant McInerney." Supposing this to be intelligible language, it is yet a failure to define either the interest of Hassett or McInerney. In the decree, as stated, nothing is adjudged to either McInerney or Hassett. The plaintiff merely recovers from them and the other defendants an undivided one-half of the property. In the conclusion of the decree, however, it is provided, referring to a possible sale of the property and the payment of certain de-

mands, "if any money remains of the respective halves of the plaintiff and defendants, the same shall be paid to them or their attorneys respectively." To what defendants or in what proportions is not stated. In short, the findings and decree are formed on the idea that the plaintiff is suing to recover specific property from the defendants, and not to obtain the dissolution of a partnership, the liquidation of its debts and the distribution of its assets.

The judgment in favor of Burnett is also erroneous, as it is not supported by the findings.

The judgment is reversed, and the cause remanded for a new trial.

Henshaw, J., and McFarland, J., concurred.

Hearing in Bank denied.