[L. A. No. 6775. In Bank.—January 17, 1921.]

WILLIAM H. F. PRESTON, Petitioner, v. SUPERIOR COURT OF THE COUNTY OF LOS ANGELES et al., Respondents.

[1] PROHIBITION — ACTION BY RECEIVER — CAPACITY TO SUE — DETERMINATION IN PENDING ACTION—JURISDICTION.—A writ of prohibition will not lie to restrain the superior court from proceeding with the trial of an action instituted by a receiver on the ground that his appointment was not within the power of the court, since the right of the plaintiff to maintain the action in such capacity is to be determined in the action itself, and if error be committed, it is error in the exercise of jurisdiction, reviewable on appeal.

[2] APPEAL—HEARING AFTER DECISION BY DISTRICT COURT OF APPEAL — SUBMISSION WITHOUT ARGUMENT — PROHIBITION PROCEEDING — APPLICABILITY OF RULE.—A proceeding to prohibit a superior court from proceeding with the trial of a cause pending therein in which it is obvious that the court has jurisdiction both of the subject matter and of the parties and that the matter complained of as constituting an excess of jurisdiction is simply one of the issues to be determined in the cause, is a proper case for the application of subdivision 5 of rule XXX of the supreme court, providing that when a cause is transferred for determination to the supreme court after decision by a district court of appeal, the supreme court, if it deems such course proper, may order the cause forthwith submitted for decision upon the briefs on file, without further argument.

[3] PROHIBITION — CAPACITY OF RECEIVER TO SUE — APPOINTMENT BY SAME COURT IMMATERIAL.—In a proceeding to prohibit a superior court from proceeding with the trial of an action instituted by a receiver on the ground that his appointment was not lawful, it is immaterial whether such action was instituted in the superior court of the county wherein he claims to have been appointed, or in the superior court of some other county.

APPLICATION for a Writ of Prohibition to enjoin a Superior Court from proceeding with the trial of an action brought by a receiver. Denied.

The facts are stated in the opinion of the court.

Henry J. Stevens, Norman A. Bailie and John T. Jones for Petitioner.

Alfred H. McAdoo for Respondents.

1. Jurisdictional question as reviewable by prohibition, note, **Ann. Cas.** 1913D, 595.

ANGELLOTTI, C. J.—Petitioner seeks a writ of prohibition enjoining the superior court of Los Angeles County from proceeding with the trial of an action instituted against him therein for the recovery of money alleged to be due from him and others to a corporation by one who sues as the receiver of the property of the corporation appointed by the superior court in another action, in which such corporation was the defendant, and also to enjoin such receiver from further acting under the order of appointment. In so far as the writ is sought against the alleged receiver it will not lie, as he is not exercising judicial functions. As to the superior court, petitioner's claim here is that the superior court had no power in such action to appoint a receiver, with the result that the order of appointment is a nullity. If we assume this to be true, it does not follow that there is any excess of jurisdiction on the part of the superior court in entertaining and determining the action brought against petitioner. That the superior court has full and complete jurisdiction to hear and determine that action cannot be doubted. [1] The question of the right of the plaintiff therein to maintain the action in the capacity in which he sues is a question that must be determined in such action exactly as where one sues as the administrator of the estate of a deceased person, any question as to his right to sue in that capacity must be determined in the action itself. If, in the determination of such a question, the trial court errs, it is error in the exercise of jurisdiction, and the aggrieved party's remedy is an appeal from the judgment given in the action. Prohibition lies only to restrain acts in excess of jurisdiction, and the petition in this matter fails utterly to state a case in this behalf.

We express no opinion as to the validity of the order appointing a receiver, as that question is not here involved.

The application for a writ of prohibition is denied.

Shaw, J., Wilbur, J., Sloane, J., Lawlor, J., and Olney, J., concurred.

Rehearing denied.

In denying a rehearing the court filed the following opinion on February 15, 1921:

THE COURT.—[2] In view of certain claims earnestly pressed in the petition for rehearing filed herein, we deem it proper to state that our order submitting the matter for decision in this court upon the briefs on file, and without affording further opportunity for argument by the parties, was in accord with the provisions of subdivision 5 of rule XXX of this court [183 Pac. viii] (in effect September 15, 1919), which is as follows: "When a cause is transferred for determination to the supreme court after decision by a district court of appeal, the supreme court, if it deems such course proper in the particular cause, may order the same forthwith submitted for decision upon the briefs on file, without entertaining further argument, oral or otherwise."

Upon the record before us we deemed this to be the proper course in this proceeding. If in any matter in which this practice has been adopted it is made to appear on application for a rehearing that the doing of substantial justice demands that a further hearing should have been afforded, we would unhesitatingly grant such a rehearing. The rule appeared to us and still appears to be peculiarly applicable in this proceeding wherein it was sought to prohibit a superior court from proceeding with the trial of a cause pending therein, in which it was obvious that the court had jurisdiction both of the subject matter and of the parties, and that the matter complained of as constituting an excess of jurisdiction on the part of the court was simply one of the issues in said cause to be determined therein. The rule is in the interest of a more speedy disposition of litigation and will be followed in such cases as appear to warrant its application.

On the merits, petitioner's whole grievance lies in the fact that an action has been instituted and is pending against him for the recovery of money alleged to be due from him to a corporation, by one who alleges himself to be the lawfully appointed receiver for such corporation. His claim here is that such plaintiff is not the lawfully appointed receiver of such corporation, and on that claim he seeks to prohibit the superior court from entertaining and determining the pending action wherein it has full jurisdiction of both subject matter and person, and the consequent right to determine, subject to review on appeal, the issue as to the validity of the plaintiff's appointment as receiver. That he cannot do this seemed too clear to us to admit of question. It may be that any different

view on the part of learned counsel for petitioner is due to the fact that the action in which the appointment of a receiver was made is one also pending in the superior court of Los Angeles County. If the action sought to be restrained had been commenced and was pending in another county; as might lawfully have been the situation if the defendant, who is petitioner here, had been a resident of such other county, the correctness of our view would probably be more clearly apparent. [3] We are satisfied that it must be apparent on reflection that it is altogether immaterial in this connection whether the action instituted by the alleged receiver is in the superior court of the county wherein he claims to have been appointed, or in the superior court of some other county. In either case, the court in which it is pending has full and complete jurisdiction of the action.

It is suggested that the statement in the opinion that ''in so far as the writ is sought against the alleged receiver it will not lie, as he is not exercising judicial functions,'' is at variance with the views enunciated in *Havemeyer* v. *Superior Court*, 84 Cal. 389, [18 Am. St. Rep. 192, 10 L. R. A. 627, 24 Pac. 121]. We did not mean to intimate that the receiver may not be properly joined with the superior court under whose appointment he is acting as a respondent, and that where excess of jurisdiction on the part of the respondent superior court for which he is acting is shown, the writ may not run against him to effectuate the complete relief against judicial action to which a party is entitled. As said in the Havemeyer case, ''the writ runs to the court, and operates directly upon the court, but indirectly upon the receiver.'' But if the court is not, in the respect in which it is assailed (in this matter, in entertaining and determining the pending action), acting in excess of its jurisdiction, there is no foundation for prohibition against the receiver alone, and the proceeding must also fail as to him. The statement referred to, contained in the opinion, is susceptible of misconstruction, and is not at all necessary to the decision in view of what we have here said.

It is ordered that the statement referred to be and the same is stricken from the opinion, and that the petition for rehearing be and the same is denied.

Angellotti, C. J., Shaw, J., Olney, J., Wilbur, J., Lawlor, J., Lennon, J., and Sloane, J., concurred.