[Sac. No. 3308. In Bank.—February 14, 1922.]

FRANK FREEMAN, Respondent, v. C. L. DONOHOE et al., Appellants.

[1] JUDGMENTS—CONSTRUCTION OF—JUDGMENT-ROLL.—In determining the scope and effect of a judgment the entire judgment-roll may be looked to for the purpose of its interpretation.

[2] PARTNERSHIP—ACCOUNTING—SALE OF PARTNERSHIP PROPERTY—INDIVIDUAL LIABILITY.—In a suit for an accounting of partnership profits and to have it adjudged that the title of certain real property was held in trust by the defendants for the partnership, in which the court held that plaintiff's interest in the partnership was a certain sum, with interest, plus one-third of the real estate, it was appropriate that the copartnership real estate should first be sold and the proceeds divided among the partners according to their interest in the copartnership, before resorting to the property of the individual defendants.

[3] ID. — CONSTRUCTION OF JUDGMENT — STAY OF EXECUTION — SUPERSEDEAS.—In such a case, where the judgment decreed that plaintiff recover from defendants, jointly and severally, a certain sum, with interest, but the balance of the decree construed in the light of the pleadings shows that the purpose of the court was to subject the partnership property to a sale for the satisfaction of the amount adjudged to be due to the plaintiff, there should be no general execution issued until after the subjection of the partnership assets to the claims of the plaintiff, and a writ of *supersedeas* will issue to stay execution pending appeal.

APPLICATION for a Writ of Supersedeas to stay execution pending appeal directed to the Superior Court of Glenn County. J. E. Prewett and H. C. Bell, Judges. Writ granted.

The facts are stated in the opinion of the court.

W. T. Belieu and Hankins & Hankins for Appellants.

George Freeman and Jackson Hatch for Respondent.

WILBUR, J.—This is an application by the defendants for a writ of *supersedeas* to prevent the issuance of a general execution as on a money judgment pending the appeal. The plaintiff brought suit against the defendants for an accounting of partnership profits and to have it adjudged that the title of certain real estate was held in trust by the defendants for the partnership. The defendants denied the existence of a copartnership, but the court found the facts to be as alleged by the plaintiff, ordered an accounting, and thereafter entered its findings and judgment that the plaintiff's share in the copartnership profits, after the payment of all of the debts of the copartnership, was $31,504.85, together with interest from May 26, 1914, at the rate of seven per cent per annum, amounting to $15,755.46, making a total of $47,260.31.

The judgment "orders, adjudges and decrees as follows: 1. That plaintiff have and recover from the defendants, jointly and severally, the sum of $31,504.85, in lawful money of the United States, together with interest thereon from the date of the commencement of this action, to wit, May 26, 1914, at the rate of 7 % per annum, making a total of $47,260.31." It is upon this portion of the judgment that the plaintiff threatens to secure an execution, in default of a stay bond in twice the amount of $47,260.31, in accordance with section 942 of the Code of Civil Procedure.

The other portions of the judgment may be summarized as follows: In paragraph 2 of the judgment it is declared that plaintiff and defendants were copartners doing a general real estate business until June 1, 1910. In paragraph 3 it is provided that the real property belongs to the copartnership and that plaintiff is the owner of one-third and the defendants of two-thirds thereof. In paragraph 4 it is declared that all the debts and obligations of the copartnership have been paid, and in paragraph 5 that no other property belongs to the copartnership other "than the said profits and the said lands, save and except the properties described in the next paragraph." In para-

graph 6 certain items of property are described, and these items by the plaintiff's consent are assigned to the defendants, plaintiff waiving all interest therein. In paragraph 7 a lien is declared in favor of the plaintiff upon the interests of the defendants in and to the real property belonging to the copartnership and remaining unsold and described in paragraph 8. In paragraph 9 all other property is awarded to defendants by consent. Paragraph 10 directs the sale of all real estate belonging to the copartnership and provides that one-third of the net proceeds thereof shall be paid to the plaintiff "for and on account of his one-third interest in said properties" and that the clerk "shall also pay to the plaintiff so much of the remaining two-thirds of such proceeds as may be necessary to be applied to the liquidation of any amount remaining unpaid at that time on this Judgment; and shall thereupon enter in the Judgment Book of this Court containing the record of this Judgment a credit of the said amount of money so paid to plaintiff and representing the two-thirds interest therein of the defendants, and shall pay to defendants any proceeds remaining after the payments provided for herein."

The defendants gave a bond of $300 on appeal and also a bond for $2,500, the amount fixed by the court for rental and waste for the purpose of staying the sale of the real estate under section 945 of the Code of Civil Procedure. If the judgment is to be construed as directing the sale of the partnership real estate and the application of the proceeds thereof to the plaintiff's claim and thereafter the docketing of a deficiency judgment, if any, the writ of *supersedeas* should be issued (sec. 945, Code Civ. Proc.) If, on the other hand, the judgment is in effect a personal judgment for $47,260.31, and the provision for the sale of the real estate is merely ancillary to the money judgment, the bond staying the sale of the real estate would not stay an execution for the money judgment pending the appeal. [1] In determining the scope and effect of the judgment the entire judgment-roll may be looked to for the purpose of its interpretation. It appears therefrom that plaintiff was seeking an accounting of the profits of real estate partnership claimed to amount to $250,000 but found by the trial court to amount to a trifle less than $100,000. These profits were invested in real estate standing in the

names of the defendants in trust for the copartnership. The trial court found that plaintiff's interest in the partnership was $31,504.85 and interest, plus one-third of the real estate. It is clear from the findings that the real estate belongs to the copartnership. **[2]** That being true, it was appropriate that the copartnership real estate should first be sold and the proceeds divided among the partners according to their interest in the copartnership, before resorting to the property of the individual defendants. (*Painter* v. *Painter*, 98 Cal. 625 [33 Pac. 483]; *Moran* v. *McInerney*, 129 Cal. 29 [61 Pac. 575]; *Clark* v. *Hewitt*, 136 Cal. 77 [68 Pac. 303]; *Shuken* v. *Cohen*, 179 Cal. 279, 283 [176 Pac. 447].)

Whether or not the trial court could have properly rendered a general money judgment against the defendants, before the partnership assets are sold and applied to plaintiff's claim, may well be doubted. (*Clark* v. *Hewitt, supra; Shuken* v. *Cohen, supra.*) The question here, however, is as to the proper construction of the judgment.

In considering a contention similar to that of the plaintiff as to the proper interpretation of a judgment which contained a clause suitable in terms to declare a money judgment, this court said in the case of *Owen* v. *Pomona Land etc. Co.*, 124 Cal. 331 [57 Pac. 71]: "This claim is based upon the following language in the first part of the judgment: 'That said plaintiff do have and recover of said defendant, Pomona Land and Water Company, the amount of the several sums of money hereinafter named,' *et cetera*. This language, considered by itself, certainly does sustain the contention of the respondent. But it cannot be taken by itself disconnected from other parts of the decree, and when the whole decree is read together it is found to be in substance an ordinary decree of foreclosure, in which certain property is ordered sold and its proceeds applied upon an ascertained debt, the balance remaining due, if any, to be docketed as a personal judgment. The provision for the sale of the property and the application of the proceeds is not merely a cumulative remedy given for the enforcement of an ordinary money judgment. It is a part, and an essential part, of the only procedure for the enforcement of the judgment, and no execution could have issued against other property than that mentioned in the decree

until it had been sold, its proceeds applied, and the deficiency ascertained.''

[3] So it may be said in the case at bar, in the judgment the clause relied upon would be sufficient, taken alone, to justify the issuance of a general execution upon a money judgment, but the balance of the decree construed in the light of the pleadings shows that the purpose of the court was to subject the partnership property to a sale for the satisfaction of the amount adjudged to be due to the plaintiff, and although there is no specific provision in the judgment that a deficiency judgment should be entered for the balance, and the judgment proceeds upon the theory that the original judgment for the full amount will have been docketed before the sale, it is clear, we think, from the whole judgment that the two matters are independent and that there should be no general execution issued until after the subjection of the partnership assets described in the judgment to the claims of the plaintiff. This being true, it follows that a writ of *supersedeas* should issue as prayed for.

Let the writ issue as prayed for.

Lennon, J., Shurtleff, J., Lawlor, J., Sloane, J., Shaw, C. J., and Waste, J., concurred.

Rehearing denied.

All the Justices concurred.