[L. A. Nos. 7047, 7048. In Bank.—February 15, 1922.]

## JOHN LUCKENBACH, Respondent, v. CHRIS KREMPEL et al., Appellants.

[1] JUDGMENTS — VOID ON FACE — VACATING — APPEAL. — A judgment or order which is void on the face of the record thereof may be set aside at any time by the court that made it, on the ground that it is void; and if the court refuses to vacate such an order on motion, it being an order made after judgment, the party aggrieved may appeal and have the order reviewed and reversed.

[2] SUPERSEDEAS—ISSUANCE BY APPELLATE COURT—INHERENT POWER. A writ of *supersedeas* may be issued by an appellate court in virtue of its inherent power to secure to the appellant the fruits of a successful appeal, if it can be done without depriving the respondent of a substantial right.

[3] ID.—DISCRETION OF COURT.—An application for a writ of *supersedeas* is addressed to the discretion of the court.

[4] ID. — ACTION BY RECEIVER — CONTEST OF VALIDITY OF ORDER APPOINTING RECEIVER AND AUTHORIZING SUIT.—Where one appointed by order of court as the receiver of the property of a company against which a judgment has been rendered is prosecuting an action against certain parties to recover from them a sum of money alleged to be due the company greatly in excess of the amount of the judgment against the company, which action is for the benefit of the plaintiff solely for the purpose of collecting his said judgment and in which action the defendants have set up the invalidity of the order appointing the receiver in their defense thereto, which defense if successful will defeat the action, a writ of *supersedeas* will be issued by the supreme court to stay proceedings by the receiver and in the court below, pending appeals from the order appointing the receiver and an order authorizing him to prosecute the suit, in the prosecution of any action or actions against the appellants based upon debts claimed to be due from them to the company.

APPLICATION for Writ of Supersedeas to prevent prosecution of a certain action. Writ granted.

The facts are stated in the opinion of the court.

John T. Jones, Norman A. Bailie and Henry J. Stevens for Appellants.

Alfred McAdoo for Respondent.

SHAW, C. J.—The appellants ask for a writ of *supersedeas*. The writ is asked to stay proceedings for the collection of a judgment for $5,955.40 recovered by Luckenbach against Krempel-Preston Company in the superior court of Los Angeles County on January 6, 1919. There are separate appeals, one by the defendant Preston and the other by the three defendants, Chris Krempel, Anna Krempel, and Lucy Hauerwaas. As they both involve the same question they will be considered together.

On April 15, 1919, on application of the plaintiff the court appointed Willard L. Goodwin receiver of the property of said company. On May 3, 1919, the court made an *ex parte* order purporting to authorize said receiver to sue the above-named appellants or either of them for any amounts due from them or either of them to said company. On May 5, 1919, said Goodwin, as such receiver, began an action in said superior court against said appellants to recover the sum of $164,231.62, alleged to be due from said persons to said company.

On April 8, 1921, Preston moved the court below for an order vacating the two orders of April 15, and May 3, 1919, appointing a receiver and authorizing him to sue, as aforesaid. On April 8, 1921, this motion was denied. On April 26, 1921, the court denied a similar motion by the other appellants to vacate the aforesaid orders.

From these orders denying said motions these separate appeals were taken by the respective moving parties.

Upon these appeals, and by the writ of *supersedeas* prayed for, the appellants seek to restrain further proceedings by the receiver and in the court below, pending the appeals, in the prosecution of any action or actions against the appellants or either of them based upon debts claimed to be due from them to said Krempel-Preston Company.

The motions to set aside the order appointing the receiver were each made on matters appearing on the face of the record and on the ground that the court had no jurisdiction to appoint the receiver; in other words, that the order was void because of a lack of jurisdiction in the court to make it. If that order was void, the orders purporting to authorize the receiver to sue would also be void. [1] A judgment or order which is void on the face of the

record thereof may be set aside at any time by the court that made it, on the ground that it is void. (*People* v. *Davis*, 143 Cal. 675 [77 Pac. 651]; *Wharton* v. *Harlan*, 68 Cal. 422 [9 Pac. 727]; *People* v. *Greene*, 74 Cal. 400–405 [5 Am. St. Rep. 448, 16 Pac. 197].) If the court refuses to vacate such an order on motion, it being an order made after judgment, the party aggrieved may appeal and have the order reviewed and reversed. (Code Civ. Proc., sec. 963, subd. 2.) The appeals herein present just such a question and if the appellants are successful the order appointing a receiver will be vacated and all proceedings thereunder will be rendered null and void, including the order authorizing the receiver to sue on behalf of the corporation defendant.

[2] The writ of *supersedeas* may be issued by an appellate court in virtue of its "inherent power to secure to the appellant the fruits of a successful appeal, if it can be done without depriving the respondent of a substantial right." (*Hill* v. *Finnigan*, 54 Cal. 495; *Dulin* v. *Pacific etc. Co.*, 98 Cal. 306 [33 Pac. 123]; *Williams* v. *Borkwardt*, 115 Cal. 617 [47 Pac. 594]; *Brown* v. *Rouse*, 115 Cal. 620 [47 Pac. 601]; *Nonpareil Mfg. Co.* v. *McCartney*, 143 Cal. 3 [76 Pac. 653]; *McAneny* v. *Superior Court*, 150 Cal. 9 [87 Pac. 1020]; *Southern Pac. Co.* v. *Superior Court*, 167 Cal. 252 [139 Pac. 69]; *Halsted* v. *First Nat. Bank*, 173 Cal. 610 [160 Pac. 1075].) [3] These cases also show that an application for such a writ is addressed to the discretion of the court. (See, also, 3 Corpus Juris, 1290.)

[4] We think this is a case in which the writ may well be issued. In the court below the receiver is prosecuting an action against the appellants herein to recover of them a large sum of money, greatly in excess of the amount of the judgment against the Krempel-Preston Company. That action is being prosecuted for the benefit of the plaintiff herein solely for the purpose of collecting his said judgment. The defendants in said action have set up the invalidity of the order appointing the receiver in their defense thereto. If that defense is successful the action will fail because of the want of authority in the receiver to maintain the same. (*Preston* v. *Superior Court*, 184 Cal. 658 [195 Pac. 916].) That question may not be finally decided in that action until long after the defend-

ants have been compelled to expend large sums of money for conducting the trial and maintaining such defense as they may have on the merits of the action. The present appeals directly involve the question of the validity of the order appointing the receiver, and, consequently, the validity of the order authorizing the receiver to sue and the question of his authority to prosecute that action. These appeals will soon come on for a hearing and the question upon which all this litigation largely depends will then be determined. It is to the interest of all the parties to have the action below suspended until this decision can be made. If this is not done and the appellants are successful in the end, they will be injured to the extent of their expenditures in carrying on the litigation in the court below or on appeal therein if they are unsuccessful below.

The writ will not be issued except upon ample security to the plaintiff herein. He has nothing at stake except the amount of the judgment he recovered against the company. A bond in the sum of $12,000 will be sufficient security for its payment.

It is ordered that a writ of *supersedeas* issue staying all proceedings in the court below in any action begun by said receiver under and in pursuance of the order appointing him, or in pursuance of the order authorizing him to institute actions against persons claimed to owe debts to said Krempel-Preston Company, upon the execution and filing in this court of a bond in the sum of $12,000, the sureties thereon to be approved by any judge of the superior court of Los Angeles County, and said bond to be conditioned that if the defendants fail in the appeals herein and shall pay any judgment that may be recovered against them in the action of said receiver begun in pursuance of said orders, not exceeding the amount of principal, interest, and costs then due upon the said judgment of plaintiff against said Krempel-Preston Company, then the said bond shall be void; otherwise to be in full force.

Lennon, J., Shurtleff, J., Waste, J., Wilbur, J., and Sloane, J., concurred.