## FELIS v. FELIS

No. 2655
November 5, 1924.                    229 Pac. 764.

1. DIVORCE — COURT HAD JURISDICTION TO DECREE COMMUNITY
    PROPERTY TO WIFE.
    Court had jurisdiction to decree community property to
    wife for alimony.

See 19 C. J. sec. 770, p. 331, n. 97.

APPEAL from Second Judicial District Court, Washoe
County; *Thomas F. Moran,* Judge.

Action by Lillie R. Felis against Mike Felis. From
the judgment, defendant appeals. **Affirmed.**

*Francis J. Cunningham* and *L. D. Summerfield,* for
Respondent:

There was no motion for new trial; appeal is from
portion of judgment only; no statement or bill of excep-
tions is before court. This appeal carries up judgment
roll alone, and if supported by pleadings must be
affirmed. Finnegan v. Ulmer, 31 Nev. 523; Rosenthal
v. Rosenthal, 39 Nev. 74. This court is limited to judg-
ment roll as defined by Rev. Laws, 5273. Findings of
fact, conclusions of law, and many other documents
included in record on appeal cannot be considered, not
being part of judgment roll. Peers v. Reed, 23 Nev.
404; Werner v. Babcock, 34 Nev. 42.

Appellant cites no arbitrary rule that unless trial
court orders payment of debts before dividing com-
munity property it has committed error, nor can we find
it. Community property is still liable for debts after
division. 19 C. J. 340.

Without evidence, this court cannot say lower court
abused discretion, as it does not know what proof
actuated decision.

Objection with reference to negatives pregnant will
not be regarded favorably unless made before trial,
where it does not appear plaintiff was mislead; and
reply was not demurred to. 31 Cyc. 203.

Trial court would have had accounting and divided

property as incident of divorce action, even without any allegations in pleading with reference to property. Rev. Laws, 2166, 5841; Hegwood v. Hegwood, 202 S. W. 35. Trial court's judgment is based on the evidence. There is no showing what evidence disclosed at date of trial.

What error appears on face of judgment roll to show excessive allowance? Upon divorce for adultery or extreme cruelty, court may grant such portion as in its discretion, from facts in case, it deems just. Rev. Laws, 2166, 5841. Ruling will not be disturbed unless discretion is abused. Lake v. Bender, 18 Nev. 361.

*Price & Hawkins,* for Appellant:

Community property is liable for community debts. On dissolution by death interest of surviving spouse is residuary and subordinate to debts. Same rule applies in divorce. In general, where community is insolvent, heirs have no residuary interest. 31 C. J. 188.

Appellate court may modify excessive allowance. Powell v. Campbell, 20 Nev. 232; McConahey v. McConahey, 32 N. W. 300.

Trial court's first decree or decision was final judgment. Later attempt to modify without new trial or consent was void. Rosina v. Trowbridge, 17 Pac. 751. Judgment can be amended or set aside only as provided by statute. Sweeney v. Sweeney, 42 Nev. 432; 23 Cyc. 868.

Appeal on ground judgment is contrary to findings must be taken upon certified copy of judgment roll, which includes findings. Rev. Laws, 5342. Upon divorce, community property must be equally divided, except in case of adultery. Rev. Laws, 2166; Moran v. McInerney, 61 Pac. 575.

A negative pregnant implies affirmance. McIntosh L. S. Co. v. Buffington, 217 Pac. 636. Appellant relies upon insufficient denials as raising no issues. It is unnecessary to encumber the record with evidence. Respondent did not put in issue affirmative allegations of appellant in form recognized by law, and cannot be heard to say appellant should have objected in court below, as no issue was ever raised.

Pleadings show debts which render net community estate less than that attempted to be disposed of. Court should have provided for payment of debts before dealing with community property.

The "judgment" and "order modifying judgment," though in form two, were in substance one judgment.

Rev. Laws 5342 deals with complete, not defective, or no findings. Record is controlled by 1919 Stats. 319.

## OPINION

By the Court, SANDERS, J.:

This appeal is taken from a judgment, upon the judgment roll alone, in an action wherein the plaintiff wife was granted a divorce from the defendant husband, upon the ground of extreme cruelty. The appeal is taken only from that portion of the decree wherein the defendant was ordered to convey to the plaintiff by a sufficient quitclaim deed all his right, title, and interest in and to the community real estate of the marriage, consisting of four contiguous lots in the city of Sparks, Nevada, together with the buildings thereon.

The appellant husband complains that the court erred in requiring such conveyance without first making provision for the payment of the community debts; that the court committed error in modifying in its decree a previous order made from its findings of fact that the plaintiff should pay to the defendant the sum of $350 upon the date of the signing of the decree and upon the delivery of said deed, the said amount of $350 being one-half the sum expended by the defendant in the improvement of the community property; that the allowance to the wife of all the community real estate in lieu of alimony pendente lite and permanent alimony is excessive.

The judgment roll consists of the complaint, the answer, the reply, the findings of fact, the judgment, and notice of appeal. No bill of exceptions accompanies the record, and the evidence is not before us.

The court is of opinion that the complaint supports

the findings and the findings the judgment. The court granting the decree had jurisdiction of the subject matter and of the parties, and there being nothing to show that the court abused its discretion in the particulars complained of, or to show that the court exceeded its jurisdiction in decreeing the community property to plaintiff, the judgment should and must be affirmed.