[Civ. No. 5576. Second Appellate District, Division One.—March 24, 1927.]

## H. W. SCOTT, Respondent, v. A. LARSON, Appellant.

[1] APPEAL—JUDGMENT OF MUNICIPAL COURT—AFFIRMANCE BY SUPERIOR COURT—APPEAL TO DISTRICT COURT OF APPEAL—EXECUTION OF MUNICIPAL COURT JUDGMENT—SUPERSEDEAS—ENTRY OF JUDGMENT IN SUPERIOR COURT.—In a proceeding for a writ of *supersedeas* to prevent execution of a judgment of a municipal court after affirmance by the superior court, it will be assumed that an appeal to the district court of appeal from the judgment rendered in the superior court is properly before said district court of appeal, where the petition of the writ sets forth the judgment which was entered in the superior court, and, while the respondent denies that any judgment was ever entered or docketed therein, no authorities are cited by respondent which would indicate that in such matters the practice or procedure is such as to require a formal entry or docketing of such judgment before an appeal may be taken therefrom.

[2] ID. — DISMISSAL — JURISDICTION.—The general rule relating to the time when appeals may be taken is to the effect that no appeal shall be dismissed on the ground that it was taken after the rendition of the judgment and before its formal entry; and

2. See 2 Cal. Jur. 398.

although the record on appeal be not filed until later, the appellate court acquires jurisdiction immediately upon the perfecting of the appeal.

[3] ID. — RIGHT TO APPEAL FROM JUDGMENT OF SUPERIOR COURT ON APPEAL FROM JUDGMENT OF MUNICIPAL COURT — CONSTITUTIONAL LAW.—Under section 5 of article VI of the constitution, appeals to the district court of appeal from judgments rendered on appeal to the superior court from judgments given in the municipal court are contemplated, and the power given the legislature by such constitutional provision with reference to providing appropriate legislation affecting "the hearing and determination by District Courts of Appeal of causes in which judgment has been rendered by the superior court" 'on appeal from the municipal court ·where the amount involved is at least three hundred dollars, in no event can diminish or abridge the constitutional guaranty; and the fact that the legislature has failed to carry out the implied directions indicated in the constitutional provision with reference to possible details of practice or procedure can in no manner · deprive interested litigants of their full rights respecting the hearing and determination by the district court of appeal on appeal in proper cases from judgments rendered by the superior court on appeal to it from the municipal court.

[4] COURTS—PRACTICE—PROCEDURE—JURISDICTION.—In the absence of legislative provision therefor, the courts have inherent power to regulate the practice and to provide for every just want relative to procedure before them.

[5] SUPERSEDEAS — APPEAL — ENFORCEMENT OF JUDGMENT BY LOWER COURT.—If after an appeal the court below seeks to enforce the judgment from which the appeal is taken, the appellate court, in its discretion, may grant a special order restraining the action of such lower court in that regard.

[6] ID. — MUNICIPAL COURT JUDGMENT — AFFIRMANCE BY SUPERIOR COURT — APPEAL TO DISTRICT COURT OF APPEAL — EXECUTION.—A writ of *supersedeas* will be granted by the district court of appeal to prevent execution of a judgment of a municipal court after affirmance thereof by the superior court, where an appeal is taken to the district court of appeal from the judgment of affirmance rendered in the superior court and the required undertaking is duly filed, including stay bond, and for costs.

---

(1) 3 C. J., p. 614, n. 28.    (2) 3 C. J., p. 1077, n. 88.    (3) 3 C. J., p. 374, n. 66; 12 C. J., p. 733, n. 94; 15 C. J., p. 1025, n. 21.    (4) 15 C. J., p. 901, n. 12.    (5) 3 C. J., p. 1257, n. 45.    (6) 3 C. J., p. 1288, n. 49.

3.  See 2 Cal. Jur. 134.
4.  See 7 Cal. Jur. 621; 7 R. C. L. 1021.
5.  See 2 Cal. Jur. 461; 2 R. C. L. 123.

APPLICATION for a Writ of Supersedeas directed to the municipal court to prevent execution of judgment pending appeal. Writ granted.

The facts are stated in the opinion of the court.

Newby & Palmer and Wm. Fleet Palmer for Appellant.

Harold C. Morton and Claude A. Shutt for Respondent.

HOUSER, J.—*Supersedeas.* Briefly stated, the facts appear to be that in an action brought in the municipal court plaintiff recovered judgment against defendant for the sum of $514.85. Defendant appealed to the superior court, where a judgment was rendered in affirmance of the judgment theretofore rendered in the municipal court. The papers and files in the action were thereupon returned to the municipal court and execution issued therein on its judgment, which execution was returned unsatisfied. Thereafter defendant appealed to the district court of appeal from the judgment of affirmance rendered in the superior court and duly filed the required undertakings on appeal, including stay bond, and for costs; after which plaintiff caused a second execution on the judgment to issue out of the municipal court, by virtue of which certain property of defendant was levied upon.

The prayer of the petition presented herein in effect is that the said levy be quashed and that pending the decision of the appeal to this court the judges and officers of the municipal court be required to desist from the enforcement of said judgment.

[1] The petition sets forth the judgment which was entered in the superior court; and while respondent denies that any judgment was ever entered or docketed therein, no authorities are cited by respondent which would indicate that in such matters the practice or procedure is such as to require a formal entry or docketing of such judgment before an appeal may be taken therefrom. [2] The general rule relating to the time when appeals may be taken is to the effect that no appeal shall be dismissed on the ground that it

was taken after the rendition of the judgment and before its
formal entry. (Sec. 939, Code Civ. Proc. See, also, the
case of *Aspegren & Co.* v. *Sherwood etc. Co.*, 199 Cal. 532
[250 Pac. 400].) And by judicial determination it has been
held that, although the record on appeal be not filed until
later, the appellate court acquires jurisdiction immediately
upon the perfecting of the appeal. (*Parkside Realty Co.*
v. *MacDonald*, 167 Cal. 342, 346 [139 Pac. 805].) So far,
therefore, as the present proceeding is concerned, it will be
assumed that it is properly before this court.

[3] Again, without citing any authority therefor, re-
spondent objects to the issuance of the writ herein on the
ground that "the Constitution of the state of California,
and the statutes of said state, do not provide a way or means
for appeal from the superior court wherein an order has
been entered affirming the judgment of the municipal court."

Generally the constitution provides that "The District
Courts of Appeal shall have appellate jurisdiction on appeal
from the superior courts in all cases at law in which the
demand, exclusive of interest, or the value of the property
in controversy, amounts to three hundred dollars, and does
not amount to two thousand dollars; . . . " (Sec. 4, art.
VI, Const.)

In addition thereto, among other things, section 5 of article
VI of the constitution provides as follows: " . . . The legis-
lature may, in addition to any other appellate jurisdiction
of the superior courts, also provide for the establishment of
appellate departments of the superior court in any county or
city and county wherein any municipal court is established,
and for the constitution, regulation, jurisdiction, government
and procedure of such appellate departments, and for the
hearing and determination by District Courts of Appeal of
causes in which judgment has been rendered by the superior
court or an appellate department thereof; provided, however,
that the appellate jurisdiction of appellate departments of
the superior court and of District Courts of Appeal shall not
extend to the hearing and determination of actions at law in
which the demand, exclusive of interest, is less than three
hundred dollars, . . . "

As the action herein was one at law on a demand for
$660.70 and on which judgment was rendered for $514.85,

the jurisdiction of this tribunal on appeal from such judgment would seem to be indicated at least so far as the question of the amount involved is concerned.

While the language of the constitutional provision is not characterized by such clarity and precision or directness in expression as might be desirable, it does contain statements which can leave no doubt that appeals to this court from judgments rendered on appeal to the superior court from judgments given in the municipal court were contemplated. Clearly, the legislature is given some sort of power with reference to providing appropriate legislation affecting "the hearing and determination by District Courts of Appeal of causes in which judgment has been rendered by the superior court" on appeal from the municipal court where the amount involved is at least $300. Such power, however, on the part of the legislature, of whatever character or extent, in no event can diminish or abridge the constitutional guaranty. That is a right which must forever remain unaffected by legislative enactment. It can be modified, altered, or repealed only by and through the source by which it was originally provided. That the legislature has failed to carry out the implied directions indicated in the constitutional provision with reference to possible details of practice or procedure can in no manner deprive interested litigants of their full rights respecting the hearing and determination by this court on appeal in proper cases from judgments rendered by the superior court on appeal to it from the municipal court. Were it otherwise, the plain intent of the beneficial provisions of the constitution might be thwarted and indefinitely delayed, either premeditatedly, through sheer procrastination or neglect on the part of the legislators, or from the inability of the members in either house of the legislature to agree, either among themselves or with the co-ordinate branch of the law-making body, upon the practice or the form of procedure or whatever regulatory measure which might be suggested or seem desirable. Human rights are not to be thus frittered away or utterly destroyed. The fiat of the people having gone forth, it should be obeyed. The failure of its agent, the legislature, to perform its duty in arranging and providing for a detail in connection with the broader and more comprehensive privilege should work no injury or

prejudice to nor lessen the right for which special constitutional provision has been made. [4] In the absence of legislative provision therefor, the courts have inherent power to regulate the practice and to provide for every just want relative to procedure before them.

In the case of *People* v. *Jordan*, 65 Cal. 644 [4 Pac. 683], the principle is fully discussed and the rule as announced in the syllabus is that: "Where the Supreme Court has been given by the Constitution appellate jurisdiction in a particular class of cases, but the legislature has prescribed no means for taking an appeal, the appellate court has inherent power to establish any appropriate system of procedure, and for such purpose may adopt rules, issue writs of *mandamus* and *certiorari,* or frame and issue any suitable writ, or adopt any mode of procedure already prescribed for bringing the cause before it."

Section 949 of the Code of Civil Procedure provides in effect that in cases of appeal of the character of that here involved "the perfecting of an appeal by giving the undertaking . . . , stays proceedings in the court below upon the judgment or order appealed from, . . . " No question is raised regarding the sufficiency of the undertaking given by the appellant herein. The difficulty, however, as suggested by petitioner, is not with the provisions of the statute, but lies in the fact that its provisions have been disregarded in that, since the appeal has been perfected, respondent has caused execution to be issued and levied upon property belonging to petitioner, and which property respondent threatens to sell under said execution in satisfaction of the judgment recovered by him.

[5] The law appears to be well settled that if after an appeal the court below seeks to enforce the judgment from which the appeal is taken, the appellate court, in its discretion, may grant a special order restraining the action of such lower court in that regard. (*Dulin* v. *Pacific Wood & Coal Co.,* 98 Cal. 304, 306 [33 Pac. 123]; *McAneny* v. *Superior Court,* 150 Cal. 6, 8 [87 Pac. 1020]; *Southern Pacific Co.* v. *Superior Court,* 167 Cal. 250, 252 [139 Pac. 69]; *Luckenbach* v. *Krempel,* 188 Cal. 175, 177 [204 Pac. 591]; *Freeman* v. *Donohoe,* 188 Cal. 170, 174 [204 Pac. 593].)

[6] It follows that the petition should be granted. It is ordered that the levy of the second execution hereinbefore referred to be quashed, and that pending the final decision of the appeal herein the judges and officers of said municipal court refrain and desist from the execution of the judgment.

Conrey, P. J., and York, J., concurred.