[Civ. No. 5860. Second Appellate District, Division Two.—October 20, 1927.]

STELLA M. FRELIGH, Appellant, v. SUSAN B. McGREW et al., Respondents.

Arsen Yeretzian for Appellant.

Stephen Monteleone for Respondents.

CRAIG, J.—The plaintiff brought this suit in the municipal court of Los Angeles city. The action was one for money had and received, to recover one thousand dollars and costs.

After trial judgment was rendered as prayed the defendants appealed to the superior court, where a trial was had and judgment rendered reversing that given in the municipal court. From the judgment so rendered by the superior court an appeal was taken by the plaintiff to this court, which appeal the defendant now moves to dismiss on the ground that the judgment of the superior court was final. In support of the motion we are cited to *Raisch* v. *Sausalito Land & Ferry Co.*, 131 Cal. 215 [63 Pac. 346]. The plaintiff and appellant in resisting the motion relies upon *Scott* v. *Larson*, 82 Cal. App. 46 [255 Pac. 248]. These decisions construe separate and differently worded provisions of the constitution. In the former appellate jurisdiction of the supreme court was involved. That jurisdiction is declared in section 4 of article VI of the constitution, from which it is apparent, as stated in the court's opinion, that "the appellate jurisdiction of this court over the judgments of the superior court is limited to the cases in which that court is entitled to exercise original jurisdiction, and does not extend to a review of its action in which it exercises an appellate jurisdiction."

However, *Scott* v. *Larson* called for the construction of another part of the same section, to wit, that providing for jurisdiction of the district courts of appeal, and the particular language in that behalf is: "The district court of appeal shall have appellate jurisdiction on appeal from the superior courts in all cases at law in which the demand, exclusive of interest, or the value of the property in con-

troversy, amounts to three hundred dollars, and does not amount to two thousand dollars; . . . ''

 It was held that this provision conferred jurisdiction upon the district court of appeal to pass upon certain appeals from judgments rendered by the superior court in cases appealed from the municipal courts. We think this conclusion is inevitable, for in the provision under consideration in that case and in the instant one no exception is made, but jurisdiction is conferred upon the district courts of appeal ''in all cases at law in which the demand exclusive of interest, or the value of the property in controversy amounts to three hundred dollars, and does not amount to two thousand dollars.'' Here the judgment exceeds three hundred dollars, and is less than two thousand dollars.

The motion is denied.

Works, P. J., and Thompson, J., concurred.