[Civ. No. 13086. Second Dist., Div. One.—June 6, 1941.]

GEORGE Y. HAMMOND, Respondent, v. VERNON McDONALD et al., Appellants.

Hanna & Morton for Appellants.

Newby & Newby for Respondent.

WHITE, J.—This is an application by the appellants for a writ of *supersedeas* to restrain the enforcement of a judgment of the superior court enjoining said appellants from serving intoxicating liquors without meals at a cafe and lunch counter maintained by them, and further ordering the summary abatement of such business should appellants fail to observe the requirements of such injunction.

The proceeding below was instituted by plaintiff (a private citizen) against defendants under the provisions of the Liquor Abatement Act (Stats. 1915, ch. 132, p. 236 [Deering's Gen. Laws, 1937, Act 3778]) to abate the business operated by defendants by reason of the alleged unlawful sale of intoxicating liquors. Following trial, the court found that defendants were conducting in good faith in a brick building on said described premises a cafe and lunch counter business; that upon said premises defendants were also engaged in the business of serving to the public intoxicating liquors. In connection with the operation of the restaurant business, the court found that the defendants served all kinds of foods; employed two chefs and a corps of waitresses; that a food menu was provided for customers, and that the amount of money invested in the premises by the defendants was between $30,000 and $35,000. The court further found that alcoholic beverages of all types were sold by the drink in the building at tables or over the counter, pursuant to a license or permit from the State Board of Equalization; that such liquors were consumed by the purchasers in said building and were served without meals when meals were not requested. The court further found that the defendants' monthly expenditures for meats approximated $200, for vegetables $100, and for milk from $60 to $70. The findings also determined that patrons had never been refused service of meals when such service was requested.

The court found that while defendants had complied with all applicable laws of the government of the United States and had obtained the aforesaid license from the State of California, the conduct of their business nevertheless

amounted to the maintenance of a saloon and barroom, contrary to law and in direct violation of section 22 of article XX of the Constitution of this state, and contrary to subdivision "m" of section 2 and section 53 of the Alcoholic Beverage Control Act of California (Stats. 1935, p. 1123; Stats. 1937, pp. 1934, 2126 [Deering Gen. Laws, 1937, Act 3796]). Pursuant to such findings, the judgment hereinabove referred to was made and entered. Following the entry of judgment and the denial of their motion for a new trial, appellants prosecuted an appeal to this court, and their opening brief is now on file.

█ The writ of *supersedeas* may be issued by an appellate court pursuant to its "inherent power to secure to the appellant the fruits of a successful appeal, if it can be done without depriving the respondent of a substantial right". (*Luckenbach* v. *Krempel,* 188 Cal. 175, 177 [204 Pac. 591].)

█ The appeal in this case squarely presents a question of interpretation of constitutional and statutory provisions involving the sale and disposition of intoxicating liquors for consumption on the premises in a cafe or restaurant such as the one conducted by appellants, and which the court found they had "been conducting in good faith . . . as a cafe and lunch counter business", when the service of such intoxicating liquors is made without furnishing therewith a meal, whether or not such meal be requested.

The appeal here in question will soon come on for a hearing and the validity of the superior court judgment will then be determined. We think this is a case in which the writ may well be issued, and that it is to the interest of all parties to have the action below suspended until this decision can be made. If this is not done and the appellants are successful in the end, they will have been injured to the extent of the total destruction of their business by reason of the summary abatement thereof provided for in the judgment. It is conceded by all parties that the proceeding here in question is a test case, and for the purpose in the main of determining whether the several thousand hotels, restaurants, cafes, dining cars and clubs, operating in the State of California in the identical manner as appellants have always operated and conducted their business, are violating existing constitutional and statutory provisions.

It is ordered that a writ of *supersedeas* issue, staying all proceedings in the court below and directing that all proceedings to enforce said judgment be suspended pending final hearing and determination of the appeal therefrom, upon the execution and filing in this court of a good and sufficient undertaking in the sum of $1500 indemnifying the people of the State of California and plaintiff and respondent George Y. Hammond jointly in the event that any damages or costs be sustained by said parties by reason of the foregoing, such bond to be approved by any judge of the Superior Court of the State of California, in and for the County of Los Angeles.

York, P. J., and Doran, J., concurred.