TERRITORY OF ALASKA, Alaska Real Estate Board, Plaintiff, v. Irene V. BURKE, d/b/a Irene Burke Realty, Defendant.

No. 9076.

District Court, Alaska. Fourth Division, Fairbanks.

Sept. 24, 1956.

[1] Weston v. City Council of Charleston, 1829, 2 Pet. 449, 464, 7 L.Ed. 481.

J. Gerald Williams, Atty. Gen., and Henry J. Camarot, Asst. Atty. Gen., Juneau, Alaska, for plaintiff and appellee.

T. N. Gore, Jr., Fairbanks, Alaska, for defendant and appellant.

HODGE, District Judge.

This is an appeal from a decision and order of the Alaska Real Estate Board revoking a real estate broker's license previously issued by said Board to the defendant Irene V. Burke under the provisions of Chap. 113, S.L.A.1955. The Territory, through the Board, has appeared by the Attorney General and moved to dismiss the appeal or in the alternative for a summary judgment affirming the decision and order of the Board.

The grounds upon which the Territory urges that the appeal should be dismissed are in substance: (1) that the Territory has not been properly made or designated a party to the action; and (2) that no appeal has been validly

effectuated for the reason that no questions have been properly preserved which may be reviewed on appeal.

■ In support of his first contention the Attorney General cites the general rule as set forth in 4 C.J.S., Appeal and Error, § 413, p. 875, to the effect that all parties to an appeal or writ of error should be correctly designated by name, and the record should show their respective positions as appellants or plaintiffs in error, or as appellees, respondents or defendants in error, and that no one not specifically named and designated can be regarded as a party to the appellate proceedings. This rule obviously relates to the principle by which the decisions of one court are reviewed by another or appellate court, and have no relation to appeals especially provided by statute from the decisions of a board or tribunal, where no particular procedure for appeal is prescribed. The cases cited in support of such position all relate to appeal or writ of error from such a trial court and to bills of exceptions or statement of appeal under statutes prescribing requirements of appeal and are not applicable here. The dicta in the case of Hendricks v. Johnson, 297 Ky. 643, 180 S.W.2d 868, 869, wherein the court indicated that where, in the "statement of appeal" the actual appellees, are designated as appellants and the actual appellants as appellees, such error would justify dismissing the appeal, refers to a reversal of such names under express requirements of appeal, and likewise is inapplicable.

■ In this case the defendant, as appellant, adopted the title of the case used by the Real Estate Board which, in the absence of any statutory requirements to the contrary, appears to be sufficient. It does name all the essential parties to the appeal which is all that is required and it matters not whether they be actually entitled "appellees" or "appellants".

In support of its second contention the Territory goes to some length in its brief in citing authority to the effect that

the statute herein is constitutional and a valid exercise of the police power of the State, conferring upon the Board broad powers. But no question of the unconstitutionality or invalidity of the statute appears to be raised on the appeal.

The Territory further cites the rule stated in 4 C.J.S., Appeal and Error, §§ 228, 244, pp. 430, 495, that propositions or questions not raised in the trial court cannot be raised for the first time on appeal, and that to reserve questions for review, objections must be made in the trial court. Again these principles relate to the preservation of record in a trial court and can have no application to hearings before a board or tribunal, which are not courts of record.

The Territory fails to mention in its brief the express provision of Sec. 15 of the Act in question which reads as follows:

> "If the person affected shall be aggrieved by the decision of the Board revoking or withholding the license, he may appeal to the District Court in the Judicial Division in which he has his principal place of business by filing notice of such appeal and bond with the Clerk of the Court of said Judicial Division within twenty days from the date of the Board's decision. The bond shall be in the sum of Two Hundred Dollars and shall be approved by the Judge of said District Court, conditioned to pay all costs that may be granted against such applicant in the event of an adverse decision. The filing of said notice and bond shall supersede the order of the Board until the final determination of such appeal."

It will be noted that no procedure for the appeal or perfecting such appeal is prescribed other than the filing of the notice of appeal and bond within twenty days from the date of the Board's decision, which was timely done in

this case. Where expressly authorized by statute an appeal will lie from the decision of a special tribunal by persons aggrieved by such proceedings. 4 C.J.S., Appeal and Error, § 48, p. 132; Ex parte Beck, D.C., 245 F. 967. It is not essential to the validity of such a statute that it prescribe any particular procedure. The District Court has jurisdiction notwithstanding the failure of the Legislature to provide such procedure and such failure in no way should deprive a person affected of his substantial right of appeal. 4 C.J.S., Appeal and Error, § 425, p. 883; State v. Keaster, 82 Mont. 126, 266 P. 387; Scott v. Larson, 82 Cal.App. 46, 255 P. 248.

█ It is held that on an appeal from the decision of an inferior tribunal, such as county boards, statutory requirements must be complied with, such as notice of appeal and bond. But no bill of exceptions or other method of preservation of error before such board is required in order to perfect the appeal; and it is even held that the failure or neglect of the proper officer to make out and file a transcript of proceedings before the board within the proper time is not grounds for dismissal of the appeal. 4 C.J.S., Appeal and Error, § 425, p. 881, § 454, p. 924; 20 C.J.S., Counties, § 95(c), pp. 878–879. In the absence of any express provision of the statute above quoted as to who shall file a transcript of the record of the proceedings of the Board, it would appear that it is the duty of the Board to do so.

By analogy, under code provision for appeal from a judgment of conviction in a criminal action given in a justice's court, all that is required to perfect the appeal (aside from bail as supersedeas) is a notice of appeal and the filing of a transcript of the proceedings by the Justice, upon which the appeal is perfected and the action is deemed pending for trial de novo in the District Court. Secs. 69–6–1 to 69–6–8, A.C.L.A.1949.

This contention of the Territory cannot therefore be sustained.

■■ The motion for summary judgment is based upon a transcript of the proceedings before the Board including its Findings and Conclusions, filed by plaintiff as an "exhibit". No such motion may be entertained in a quasi-criminal proceeding. Moreover, it cannot be said, upon perusal of such transcript, that "there is no genuine issue as to any material fact" to be determined, nor that the Territory "is entitled to a judgment as a matter of law" Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A.; Barron and Holtzoff, Federal Practice and Procedure, Vol. 3, Secs. 1231, 1247. Such motion would in fact deny to the defendant the very remedy of appeal expressly granted by the Legislature.

■ There remains for consideration the question of how the appeal may be presented in this Court, that is whether by review of the decision of the Board or whether by a trial de novo. Similar statutes examined expressly provide that the matter be heard in the appellate court de novo, but no such suggestion is made in our statute. By comparison, appeals from decisions of the Alaska Industrial Board are expressly provided to be in the nature of review of the decisions of the Board (Secs. 43–3–17, 43–3–25, A.C.L.A.1949), in which cases the practice is for the Board to file with the District Court a transcript of its proceedings for review. In addition to the provisions for appeal from judgment of conviction or civil judgment in a justice's court, express provision is made by the Legislature for review of errors of law appearing on the face of such judgment as distinguished from such right of appeal. Secs. 69–6–11, 68–9–15, A.C.L.A.1949. Express provision for a writ of review from a decision or determination of any inferior court, officer or tribunal on petition to the District Court is also provided by our Code. Secs. 57–2–2, 57–2–3, A.C.L.A.1949. A writ of review does not lie where the right of appeal exists. Moore v. Rennick, 1 Alaska 173. I am of the opinion that under these statutory provisions where no express procedure is provided as to appeals from

the Board under this Act, and in the absence of any specific statute to the contrary, the case must be tried in this court de novo, in the same manner as cases of original jurisdiction, or cases on appeal from the justice's court. Duncan v. Mack, Ariz., 122 P.2d 215, 218. Lane v. Ferguson, Ariz., 156 P.2d 236, 238.

The motion to dismiss the appeal and the alternative motion for summary judgment will be denied, and the case may be regularly assigned for trial in this court de novo. An appropriate order may be entered accordingly.