Geilfuss vs. Gates.

87  395
92  229
87  395
97  564

GEILFUSS, Assignee, Respondent, vs. GATES, Appellant.
GEILFUSS, Assignee, Respondent, vs. GATES, imp., Appellant.
GEILFUSS, Assignee, Respondent, vs. GATES, imp., Appellant.

*March 17 — April 10, 1894.*

*Pleading: Overruling demurrer on motion to strike it out as frivolous: Plaintiff suing in dual capacity: Promissory notes: Voluntary assignment.*

1. When a demurrer must be overruled on its merits, it is not error to overrule it upon a motion to strike it out as frivolous, even though the order does not expressly declare it frivolous.

2. The fact that a person brings an action on notes both as the assignee of a bank and as its receiver is not a ground for demurrer, where the complaint shows that he has a cause of action as assignee, but none as receiver.

3. A complaint showing title in plaintiff, as assignee of a bank, to the notes sued on, and alleging that he is the lawful owner and holder of them, sufficiently shows his right to recover on the notes.

APPEALS from the Superior Court of *Milwaukee* County.

These actions were each brought by the plaintiff to recover the amount claimed to be due on divers promissory notes given by the defendant to the Commercial Bank of Milwaukee, and for the amount claimed to be due on certain notes indorsed to it by the defendant, he having been charged thereon as such indorser. By way of showing the plaintiff's right to recover, it is alleged in the complaints, with the necessary particularity, that the bank, on the 21st of July, 1893, executed to the plaintiff a voluntary assignment of all its property for the benefit of its creditors, pursuant to the statute, and that he had accepted the trust and qualified as such, and that the assignor had made and filed the requisite inventory and list of creditors; that afterwards, August 5, 1893, in an action brought by Edward Aschermann upon a judgment recovered by him against the bank to wind up and settle its affairs and to sequestrate its stock, property, things in action and effects, the said plaintiff was appointed receiver of the same, and that he had qualified according to law as such. It is further alleged that the plaintiff is the lawful owner and holder of the aforesaid notes. In all other respects the complaints are in the usual form.

There was a demurrer to each of the complaints upon the ground of defect of parties plaintiff, and that the plaintiff must recover either as assignee or receiver of the bank, but could not maintain such an action in virtue of both representative capacities; and, further, that the complaints did not state facts sufficient to constitute a cause of action. The plaintiff moved in each action to strike out the demurrer as frivolous, and for judgment. An order was made in each case declaring the demurrer not well taken, and over-

ruling it, and that the plaintiff have judgment unless defendant answered in twenty days and paid $10 costs of motion; but whether the court considered the demurrer frivolous or not is not stated in the order. The defendant appealed from each of the orders.

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *E. P. Vilas.*

For the respondent there was a brief by *W. H. Timlin,* and oral argument by *Nathan Glicksman.*

PINNEY, J.    1. It is urged by appellant's counsel that, as the court did not declare these demurrers to be frivolous, the orders made on the motions overruling them are erroneous. The effect of the motions was to bring on the demurrers for determination, whether they were frivolous or merely not well taken. Under the present statute (R. S. sec. 2681) there can be no distinction between striking out a demurrer as frivolous and overruling it on argument, for in either case the court may allow the defendant to plead over on terms. It is impossible to say that the defendant is or can be prejudiced by either of the orders made in these cases. All he can be said to have lost is the very unsubstantial privilege of making an argument on a second hearing in support of demurrers which are clearly not well taken. In *Hoffman v. Wheelock,* 62 Wis. 435, it is said that "when the court striking out the demurrer grants the same relief that would be granted on overruling the same upon argument, to reverse such order upon an appeal to this court, when it is evident such demurrer must be overruled on its merits, could only have the effect to protract litigation at the expense of both parties, without the possibility of any beneficial results to either." The same considerations apply with equal force to an order overruling a demurrer upon such motion upon its merits. The order

cannot be held erroneous merely because the court did not expressly declare it frivolous. The cases on the subject are collected in *Hoffman v. Wheelock, supra,* and also in *Hurlbut v. Marshall,* 62 Wis. 601, where the demurrers of two defendants were overruled and stricken out as frivolous on the *motion* of the plaintiff, and the orders thus made were affirmed.

2. There is no ground for the contention that there was a defect of parties plaintiff. An excess or misjoinder of parties plaintiff is not ground of demurrer. *Kucera v. Kucera,* 86 Wis. 416. The case is one where a single plaintiff has sued in a dual representative capacity, and it is plain that he has a cause of action as assignee of the bank, but none whatever as its receiver. *Garden City B. & T. Co. v. Geilfuss,* 86 Wis. 612. The assignment to *Geilfuss,* having been made prior to his appointment as receiver, vested in him, as such assignee, the notes in question, and as he took no interest in them as receiver the allegations in the complaint in respect to the receivership are surplusage. He is entitled to maintain the actions as assignee of the bank.

3. The allegations of the complaint already referred to show title in the plaintiff, as assignee of the bank, to the notes in question; and it is further alleged that he is the lawful owner and holder of them. These allegations are sufficient to show his right to recover upon the notes and indorsements in question. The orders of the superior court overruling the demurrers in these actions are correct.

*By the Court.*— The order of the superior court in each of the actions is affirmed.