BARTH vs. ENGER-KRESS COMPANY. (AMERICAN INSURANCE COMPANY OF BOSTON, Intervener, Appellant: MILWAUKEE TRUST COMPANY, Receiver, Respondent.)

*January 9 — January 28, 1896.*

*Voluntary assignment: Receivers: Intervention: Insurance.*

1. Prior to the burning of property covered by a policy of insurance, the insured, a corporation, had made an assignment for the benefit of creditors. Afterwards a receiver was appointed by the court in which the assignment proceedings were pending, and the assignee was ordered to deliver all the property to him. The receiver brought an action on the policy in another court. *Held,* that the defendant insurance company had no such interest in the matter as would entitle it to intervene in the receivership proceedings for the purpose of setting aside the appointment of the receiver, etc.

2. If the assignment was valid the receivership did not operate to supersede it.

APPEAL from an order of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

On April 14, 1894, the petitioner, the *American Insurance Company of Boston*, executed and delivered to the Enger-Kress Company, a corporation existing under the laws of this state and doing business in Milwaukee, its policy of insurance on the property therein described against loss or

damage by fire, not exceeding $1,000. On June 22, 1894, the said Enger-Kress Company made a voluntary assignment to one Winterhalter for the benefit of its creditors. On June 23, 1894, the circuit court, by order in said assignment proceedings, authorized the assignee to continue the business of the assignor, and he did so. On July 7, 1894, a large part of the property so assigned, including the property covered by said policy of insurance, was destroyed by fire.

On July 13, 1894, the plaintiff obtained a judgment by confession against the Enger-Kress Company before a justice of the peace, for $66.50, and thereupon, and on the same day, filed a transcript thereof with the clerk of the circuit court, and the same was duly docketed. Thereupon an execution was issued on said judgment, and returned wholly unsatisfied. Thereupon, and upon the petition of said Barth, the circuit court, on July 14, 1894, made an order that the stock, property, credits, effects, and things in action of the said Enger-Kress Company be, and thereby were, sequestered, and that the *Milwaukee Trust Company* be, and thereby was, appointed receiver of the stock, property, credits, effects, and things in action of the said Enger-Kress Company, with the usual and ordinary duties and powers. On July 21, 1894, the circuit court ordered the said assignee to forthwith deliver to said receiver all the property, credits, etc., belonging to or received from the Enger-Kress Company by him. On December 8, 1894, Hugh Ryan, court commissioner, filed his report and findings, whereby he ratified and confirmed said assignment, and the same was held not to be void. On December 18, 1894, the said receiver commenced an action in the superior court of Milwaukee county against the petitioner, the *American Insurance Company of Boston*, and sixteen other insurance companies, alleged to be interested in said loss, upon their respective policies of insurance, and said action is now pending and undetermined.

Barth vs. Enger-Kress Company.

From an order made by the circuit court, March 18, 1895, refusing to vacate, annul, and set aside the order made July 14, 1894, appointing said receiver, and all proceedings had therein, and refusing to vacate, annul, and set aside the order made July 21, 1894, directing the assignee to turn over the property and effects to said receiver, and refusing to restrain the receiver from taking any further proceedings in said action, and for general relief, the petitioner brings this appeal.

For the appellant there was a brief by *Van Dyke & Van Dyke*, attorneys, and *Geo. H. Noyes*, of counsel, and oral argument by *Mr. W. D. Van Dyke* and *Mr. Noyes*. They contended, *inter alia*, that the intervener is interested in the question of the validity of the appointment of the receiver and of the proceedings thereunder, and is entitled to intervene therein and attack such appointment. The regularity of the appointment of a receiver cannot be collaterally questioned, but must be impeached, if at all, in such receivership proceedings. *Neeves v. Boos*, 86 Wis. 313, 318; *Davis v. Shearer*, 90 id. 250; *Vermont & C. R. Co. v. V. C. R. Co.* 46 Vt. 795; *Att'y Gen. v. Guardian Mut. L. Ins. Co.* 77 N. Y. 272; *Mechanics' Nat. Bank v. Landauer*, 68 Wis. 44. Relief from the appointment of a receiver can only be had upon application to the court making the appointment. Such relief may be had upon the intervention of any party interested. *Sanger v. Upton*, 91 U. S. 56; *Schoonover v. Hinckley*, 48 Iowa, 82; *Att'y Gen. v. Guardian Mut. L. Ins. Co.* 77 N. Y. 272; *Vermont & C. R. Co. v. V. C. R. Co.* 46 Vt. 792; Beach, Receivers, § 701; Gluck & B., Receivers, 28; High, Receivers (3d ed.), §§ 39a, 203; 25 Am. L. Reg. 290. The appointment of the receiver is not a proceeding *in rem*, and the intervener not being a party to the proceedings is not concluded by the order made July 21st, directing the assignee to turn over all assets to the receiver. High, Receivers, § 39a; *J. W. Dann Mfg. Co. v. Parkhurst*,

Barth vs. Enger-Kress Company.

125 Ind. 317; *Tierney v. Phœnix Ins. Co.* 4 N. Dak. 565. The intervener, though not concluded by the order of July 21st, may nevertheless intervene in said proceeding and move to have said order vacated or modified, because its interests are thereby directly affected. Manifestly the sole object and purpose of the receivership was to affect the interest of the insurance companies. The voluntary assignment being a change of interest, title, and possession of the insured property, the policies were thereby avoided, and in order to preserve the insurance the receivership proceedings were collusively instituted to attempt in some way to vacate said assignment. The insurance companies were clearly the real parties in interest. It is difficult to say in what respect the rights or interests of creditors are in any way modified or affected by the receivership, except in so far as the insurance companies are concerned. One not a nominal party, but the real party in interest, may intervene to have an order or judgment vacated. *Ætna L. Ins. Co. v. Aldrich,* 38 Wis. 107; *Lowber v. New York,* 26 Barb. 262; *Lampson v. Bowen,* 41 Wis. 484; *Weston v. Weston,* 46 id. 130; *Brettell v. Deffenbach,* 60 N. W. Rep. 167; 12 Am. & Eng. Ency. of Law, 130, and notes; Freeman, Judgments, § 92; Black, Judgments, § 317.

For the respondent there was a brief by *Timlin & Glicksman,* attorneys, and *Chas. Quarles,* counsel, and oral argument by *Mr. W. H. Timlin* and *Mr. Quarles.* They argued, among other things, that if the assignment was void it was proper to appoint a receiver. *Powers v. C. H. Hamilton Paper Co.* 60 Wis. 23; *Garden City B. & T. Co. v. Geilfuss,* 86 id. 612; *Connah v. Sedgwick,* 1 Barb. 210. The receiver represents creditors of the corporation, and if the voluntary assignment was void the validity of the insurance policies was not thereby affected, for the forfeiture clause therein would not apply to void conveyances or assignments. *German Ins. Co. v. York,* 48 Kan. 488; *Gerling v. Agricultural*

*Ins. Co.* 39 W. Va. 689; *Pitney v. Glen's Falls Ins. Co.* 65 N. Y. 6; *Alkan v. N. H. Ins. Co.* 53 Wis. 145, 146.

CASSODAY, C. J. The assignment was made June 22, 1894. July 7, 1894, the property was destroyed by fire. July 14, 1894, the receiver was appointed. The proceedings in the matter of the assignment and the receivership were both in the circuit court. On December 18, 1894, the receiver sued the appellant and sixteen other insurance companies,— all alleged to be interested in the payment of the loss occasioned by such fire, by reason of their respective policies of insurance. Such action on the policy or policies was brought in the superior court of Milwaukee county, and is still pending and undetermined. The appellant, as such defendant in such suit upon its policy, here asks to intervene in the receivership proceedings for the purpose of setting aside the appointment of the receiver and all proceedings by him taken, upon numerous grounds. If the assignment was void, then it was certainly competent for the court, in a proper case, to appoint a receiver. *Powers v. C. H. Hamilton Paper Co.* 60 Wis. 23. Even if the assignment was not void, a receiver might be appointed in a proper case. Id.; High, Receivers, §§ 57, 304, 412, 458–9. Such receivership, in case the assignment was valid, however, would not operate to supersede the assignment, nor change the rule for the distribution of the proceeds of the property among creditors. *Garden City B. & T. Co. v. Geilfuss,* 86 Wis. 612; *Geilfuss v. Gates,* 87 Wis. 395. But it does not here appear that the appellant has any interest in, or claim or lien upon, any of the property so assigned, or which was thereafter put into the custody of the receiver. It has been sued by the receiver upon its policy, executed to the assignor. If it has any meritorious defense, it will, we assume, defeat any recovery upon the policy. It is only interested in successfully making such defense. It is in no way interested in the dis-

tribution of the proceeds of the estate among the creditors of the assignor. On the contrary, it is interested in withholding from the estate and such creditors what is claimed to be due on the policy. Whether an adjudication by this court to the effect that the assignment is valid would aid the appellant in defeating a recovery upon the policy, is a matter in which the trial court, as a court of equity, had no concern, and hence a matter in which this court has no concern. As indicated, the appellant is not a party to nor interested in any controversy in the assignment proceedings, and has no interest in the subject matter of such controversy. The case does not come within the provisions of the statute authorizing interpleader. S. & B. Ann. Stats. sec. 2610. The appellant has no standing in court to interfere with the assignment proceedings. It is only interested in preventing a recovery by the receiver. To that controversy it is now a party in another jurisdiction.

*By the Court.*— The order of the circuit court is affirmed.

