[Civ. No. 807. First Appellate District.—May 5, 1910.]

WINSOR POTTERY WORKS, a Corporation, Petitioner, v. SUPERIOR COURT OF STATE OF CALIFORNIA IN AND FOR THE COUNTY OF ALAMEDA et al., Respondents.

APPEAL—ORDER APPOINTING RECEIVER—STAY OF EXECUTION—DUTY OF TRIAL JUDGE—MANDAMUS.—Upon appeal from an order appointing a receiver, it is the duty of the judge of the superior court to fix the amount to be specified in an undertaking to stay the execution of the order pending the appeal; and in case of his refusal to do so, the writ of mandate will lie to compel such action.

ID.—PETITIONER AGGRIEVED BY ORDER APPEALED FROM.—Where the petitioner was made a party defendant to the receivership of corporation property, and it was sought to take possession of lands owned by him and recover possession of the same, he was aggrieved by the order and entitled to appeal therefrom, and had the right to give an undertaking to stay its execution.

APPLICATION for writ of mandate to the Superior Court of Alameda County. F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

Costello & Costello, for Petitioner.

Lloyd S. Ackerman, for Respondents.

COOPER, P. J.—This is an application for a writ of mandate to compel the Hon. Frank B. Ogden, one of the judges of the superior court of Alameda county, to fix the amount of an undertaking for the purpose of staying proceedings on appeal from an order made by the said court and

the judge thereof, appointing a receiver in a certain proceeding pending in said court.

There is no dispute as to the facts, and in brief they are as follows: In December, 1909, one Brinkmeyer, claiming to be the owner of certain capital stock of Winsor's California Pottery and Terra Cotta Works, a dissolved corporation, commenced an action in the said superior court against the Winsor Pottery Works, a corporation (the petitioner herein), and a number of other defendants. The object of the said action was, among other things, to have certain deeds of conveyance made by the trustees of Winsor's California Pottery and Terra Cotta Works, a dissolved corporation, to the said Winsor Pottery Works, conveying certain real estate, set aside and canceled, and to have a receiver appointed to take charge of all the property of said dissolved corporation, with power in said receiver to commence actions to set aside the said conveyances and to recover the said real estate from the possession of the said Winsor Pottery Works, and to have its deeds to said property delivered up and canceled.

After the commencement of the said action, without notice to petitioner, but by the consent of the other defendants in said action and at the request of the plaintiff therein, the court made an order appointing one Samuels receiver in said action, which order, among other things, directed and authorized the said receiver "to institute such actions as may be proper to recover for the benefit of the stockholders or members of said dissolved corporation all property and effects which are due and owing to the Winsor's California Pottery and Terra Cotta Works, a dissolved corporation, or to the stockholders or members thereof, by said Winsor's Pottery Works, or any other persons, or at all, under and by virtue of two conveyances or indentures of date August 7, 1908, from Winsor's California Pottery and Terra Cotta Works to Winsor Pottery Works, a corporation, and the other of date August 30, 1909, from Serrill Winsor, S. W. Winsor, Mary B. Winsor and Lydia C. Winsor to Winsor Pottery Works, a corporation, or under and by virtue of any other transaction."

On the twenty-first day of February, 1910, petitioner duly perfected an appeal from the order so appointing said receiver. After said appeal had been so perfected the peti-

tioner applied to the Hon. Frank B. Ogden, the said judge of the superior court, for permission to file an undertaking to stay proceedings upon said appeal, and asked the said judge to fix the amount of said undertaking to stay proceedings upon and pending appeal from said order so appointing a receiver in said cause; but the said judge refused to fix the amount of the said bond or to permit of said bond or undertaking being filed upon said appeal.

The code provides that an appeal may be taken from an order appointing a receiver (Code Civ. Proc., sec. 939, subd. 3). It is further provided (Code Civ. Proc., sec. 943) : ''If the judgment or order appealed from appoint a receiver the execution of the judgment or order cannot be stayed by appeal unless a written undertaking be executed on the part of the appellant, with two or more sureties, to the effect that if such judgment or order be affirmed, or the appeal dismissed, the appellant will pay all damages which the respondent may sustain by reason of such stay, not exceeding an amount to be fixed by the judge of the court by which the judgment was rendered or order made, which amount must be specified in the undertaking.''

It is the duty of the judge under the said section to fix the amount of the undertaking in order to stay the proceedings pending an appeal, and in case of his refusal, the writ of mandate will lie to compel such action. (*Green* v. *Hebbard*, 95 Cal. 39, [30 Pac. 202].)

It is said that the petitioner was not aggrieved or injured by the order appointing the receiver, for the reason that the receiver was not directed to take charge of any property belonging to petitioner. It is sufficient to say that in the action brought by Brinkmeyer it was deemed necessary to make the petitioner a party defendant. One of the main objects of the action was to recover real estate held by petitioner, and to have petitioner's 'deeds thereto delivered up and canceled. The first step toward the accomplishment of the objects so sought by Brinkmeyer was to have a receiver appointed to take charge of all the property of the dissolved corporation, and, among other things, to take or recover and take charge of the real estate held by petitioner under said deeds. The petitioner claims to be the owner of such real estate, and an order authorizing a receiver to bring an action on behalf

of a dissolved corporation to recover such property is such an order as would show the petitioner to be aggrieved by it. The petitioner being a defendant in the suit instituted by Brinkmeyer, and being in possession of the real estate sought to be recovered through the medium of a receiver, certainly had the right to appeal from the order appointing a receiver, and to question the right of the court to make such appointment upon the facts stated in the complaint. Having the right to appeal, it had the right to give an undertaking to stay proceedings under the express provisions of the code.

Let the writ be made peremptory.

Kerrigan, J., and Hall, J., concurred.