[L. A. Nos. 7047, 7048. In Bank.—February 9, 1923.]

JOHN LUCKENBACH, Respondent, v. JOHN B. LAER et al., Defendants; CHRIS KREMPEL et al., Appellants.

[1] APPEAL—APPOINTMENT OF RECEIVER—AUTHORITY TO SUE—DENIAL OF MOTION TO VACATE ORDERS—APPEALABLE ORDERS.—In an action on a promissory note, wherein plaintiff obtained judgment, and thereafter, the judgment being unsatisfied, a receiver of the defendant corporation was appointed and authorized to institute suit against certain alleged debtors of the corporation, and also against other persons upon the ground that they, as directors of the corporation, had divided and paid to themselves, as stockholders, out of the capital stock, certain money, in violation of section 309 of the Civil Code, orders denying motions of such directors to vacate the order appointing the receiver and the order authorizing him to sue them are appealable, although the appellants were not parties to the original action.

[2] ID.—AGGRIEVED PARTIES.—Only aggrieved parties may appeal; and stockholders of a corporation, whose rights are fully protected, in proceedings resulting in the appointment of a receiver of the corporation, after due notice to the corporation of an actual controversy in open court, are not entitled to relief on appeal from orders denying their motions to vacate the order appointing the receiver and authorizing him to sue, as the corporation was the aggrieved party and had the right to appeal and the stockholders were bound by the action of the court; nor were persons who were not parties to nor interested in the controversy resulting in the appointing of the receiver and having no interest in the subject matter of the proceeding aggrieved parties.

[3] ID.—ORDER PERMITTING RECEIVER TO SUE—RIGHTS NOT AFFECTED BY.—Neither the personal nor property rights of parties whom a

receiver is permitted by court orders to sue are so affected by the orders as to render them aggrieved parties.

[4] RECEIVERS—RIGHT TO SUE—DEFENSE.—The right of a receiver to maintain an action in the capacity in which he sues is a question that must be determined in such action itself.

APPEALS from orders of the Superior Court of Los Angeles County denying motions to vacate an order for the appointment of a receiver and authorizing him to institute suits.   Charles S. Burnell, Judge.   Appeals dismissed.

The facts are stated in the opinion of the court.

John T. Jones, Norman A. Bailie and Henry J. Stevens for Appellants.

Alfred H. McAdoo for Respondent.

WASTE, J.—Appellants are dissatisfied with certain orders, made after judgment, denying their motions to vacate and set aside previous orders of the trial court, also made after judgment, appointing a receiver and advising him to institute certain actions against them, after the judgment was returned unsatisfied.   The appellants are Chris Krempel, Anna Krempel, Lucy Hauerwaas, and William H. Preston, not one of whom was a party to the action.

The plaintiff, Luckenbach, instituted an action against the defendants Laer, Trueblood, and the Krempel-Preston Company, a corporation, to recover an ordinary money judgment upon certain promissory notes.   Judgment was entered in his favor, which, with attorney's fees and costs, amounted to approximately six thousand dollars.   The judgment was returned unsatisfied.   No statutory proceedings in aid of execution were had, but the plaintiff applied to the court, in this same action, for the appointment of a receiver of the defendant corporation, upon the ground that the corporation refused to apply its property in satisfaction of the judgment, and had suffered its right to do business to become suspended by reason of its failure to pay the license tax due the state.   In support of the motion the plaintiff set forth in his affidavit that the corporation had a claim and demand against William H. Preston, one of the appellants here, in an amount in excess of twenty-three thousand

dollars, which was unpaid and owing, and that an agreement and understanding had been arrived at between Preston and the Krempel-Preston Company, by which the indebtedness was to be paid and discharged in such way as to prevent plaintiff from securing a satisfaction of his judgment. The motion was granted over the opposition of the defendant corporation, and Willard L. Goodwin was appointed receiver, the order of his appointment also advising him to institute an action against Preston. A further authorization of the court was granted the receiver to institute an action against Chris Krempel and Mrs. Lucy Hauerwaas, upon the allegation of the receiver that they also were indebted to the suspended corporation. Some time later the receiver applied for and was granted permission to institute an action against Preston, Krempel, Mrs. Hauerwaas, and Anna Krempel, upon the ground that, as directors of the Krempel-Preston Company, they had divided and paid out to themselves (other than to Anna Krempel), as stockholders, out of the capital stock of the corporation more than one hundred and sixty-four thousand dollars, in violation of the provisions of section 309 of the Civil Code. No appeals were taken from the order appointing the receiver or for the various orders granting permission to institute suits.

Of the various actions sanctioned by the court, the only one actually commenced was the one to recover from appellants upon the joint and several liability imposed by section 309, *supra*. Aside from the filing of one answer and an amendment thereto, the record does not disclose what further proceedings were taken. The bill of exceptions discloses merely that the action is still pending.

Subsequently Preston, and later Krempel, Anna Krempel, and Lucy Hauerwaas, interposed motions, upon due notice, in the original action of *Luckenbach* v. *Laer et al.*, the one in which these appeals are being prosecuted, to have vacated and set aside the order appointing Goodwin as receiver and permitting him to institute the various actions. The motions were denied, and it is from the action of the lower court refusing to vacate and set aside such orders that these appeals are prosecuted. By stipulation the appeals were ordered consolidated and will be disposed of in this one opinion. Pending such disposition this court, after due application, granted a writ of *supersedeas* staying all

proceedings in the superior court in the action begun by the receiver against these appellants.

[1] The first question to be considered is the right of the appellants to an appeal from orders made in an action to which they were not parties. These appeals are not taken from the order appointing the receiver, or from the orders granting the receiver permission to institute the action against the appellants, but are from the orders refusing to vacate its prior action. Orders refusing to vacate cannot, under any circumstances, be made the subject of direct appeal, unless they themselves be of a class of orders designated by the code as appealable. (*Title Ins. & Trust Co.* v. *California etc. Co.,* 159 Cal. 484, 487–489 [114 Pac. 838].) The reason for the rule, succinctly stated in the case cited, is that "an order denying a motion to set aside a former order amounts to no more than a refusal by the court to reconsider an action already taken and the appeal should be taken from the original order." But these orders were special orders made after final judgment (sec. 963, subd. 2, Code Civ. Proc.), and are therefore appealable. The appellants were not parties to the proceedings resulting in the original orders, and for that reason could not appeal therefrom, which is a circumstance authorizing an appeal from an order refusing to vacate or set aside, in cases where an appeal is otherwise permissible. (*Title Ins. & Trust Co.* v. *California Dev. Co., supra.*) For the purpose of an appeal they have followed the procedure allowed by our practice to one whose rights or interests are injuriously affected by any appealable order made in an action to which he is not a party, through the process of making themselves parties by moving to set those orders aside. (*Estate of McDermott,* 127 Cal. 450, 452 [59 Pac. 783].) Their motions being denied, they may, on this appeal, have the proceedings of which they complain reviewed. (*Elliott* v. *Superior Court,* 144 Cal. 501, 509 [103 Am. St. Rep. 102, 77 Pac. 1109]; *Tattenham* v. *Superior Court,* 155 Cal. 205, 206 [100 Pac. 248].) Such proceeding can scarcely be said to make them parties to the action, but it does make them parties to the record, and as such entitled to appeal. (2 Cal. Juris., p. 209, sec. 52.) Unless appellants were permitted to move in the court below to set aside the orders, they would be left without the remedy of an appeal. (*People* v. *Grant,* 45 Cal.

97, 99; 2 Cal. Juris., p. 209, sec. 52.) Whether there is merit in the appeal depends upon other considerations.

[2] Notwithstanding the right of persons who are neither parties to the proceeding nor to the record to move in the court below for the purpose of laying the foundation for an appeal, it does not necessarily follow that they will be entitled to any relief here. Only aggrieved parties may appeal. (Sec. 938, Code Civ. Proc.) The rights of appellants Chris Krempel and Lucy Hauerwaas as stockholders were fully cared for and protected in the proceedings which resulted in the appointment of the receiver. It was only after due notice to the Krempel-Preston Company of an actual controversy in open court that the receiver was appointed. The action of the lower court in that matter was, therefore, binding upon such appellants, as stockholders of the corporation. (*Baines* v. *Babcock*, 95 Cal. 581, 592 [29 Am. St. Rep. 158, 27 Pac. 674, 30 Pac. 776].) The corporation was the aggrieved party in that matter and had the right of an appeal from the order. (*Winsor Pottery Works* v. *Superior Court*, 13 Cal. App. 360, 362 [109 Pac. 843].) So far as the record indicates, the appellants Anna Krempel and William H. F. Preston were not parties to nor interested in the controversy which resulted in the appointment of the receiver, and had no interest in the subject matter of that proceeding. Consequently, that order was inoperative against them and they were not aggrieved by the court's action. (*Miller* v. *Bate*, 56 Cal. 135, 136.)

[3] Neither were any personal rights nor property interests of any of the appellants so affected by the action of the lower court in granting the receiver permission to institute actions against them as to render them aggrieved parties. Those orders which the appellants subsequently sought to have vacated and set aside were merely permissive in character. Nothing was attempted thereby to be taken away from the appellants, which feature distinguishes the situation here from the relation of the parties disclosed in those cases cited in support of appellants' contention. In each of the cases we have examined, the parties seeking relief were directly affected and aggrieved by the judgment or order complained of, in that such judgment or order, by its own force, purported to work a deprivation of property or legal rights. We find no cases holding that some

remote consequence which may flow from an order will render a party aggrieved thereby. The right invaded must be immediate. (*Adams* v. *Woods,* 8 Cal. 306, 315.) The appellants were in exactly the same position after the appointment of the receiver and the granting of permission to sue as they were before. They were, or were not, liable to the Krempel-Preston Company and to its creditors, as the facts exist. The receiver is merely the minister of the corporation, acting under the direction of the court, in attempting to enforce such liability. In any action brought thereon by him, the appellants may interpose every defense they would have against the corporation. If they have a meritorious defense, they will, we may assume, defeat any recovery. (*Barth* v. *American Ins. Co.,* 92 Wis. 225 [65 N. W. 1035].)

[4] In answer to the contention that the order appointing the receiver is void on its face for want of jurisdiction, it not having been made in such cases as the statute expressly specifies, or in a case where receivers have heretofore been appointed by usages of courts of equity (*Miller* v. *Oliver,* 174 Cal. 407, 410 [163 Pac. 355]), we need only say that if the point is well taken appellants may avail themselves of that objection in the action brought by the receiver against them.

The question of the right of the receiver to maintain the action in the capacity in which he sues is a question that must be determined in such action itself. (*Preston* [one of these appellants] v. *Superior Court of Los Angeles,* 184 Cal. 658 [195 Pac. 916].)

For the foregoing reasons, the appellants are not parties aggrieved, and the appeals are dismissed.

Wilbur, C. J., Lennon, J., Kerrigan, J., Myers, J., Seawell, J., and Lawlor, J., concurred.