[No. B235305. Second Dist., Div. Three. Apr. 16, 2012.]

HENRY M. LEE LAW CORPORATION, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
OK SONG CHANG et al., Real Parties in Interest.

COUNSEL

Henry M. Lee & Associates, Henry M. Lee and Robert Myong for Petitioner.

No appearance for Respondent.

Law Offices of John H. Oh & Associates and John H. Oh for Real Party in Interest Ok Song Chang.

Rehm & Rogari and Ralph Rogari for Real Party in Interest A-Ju Tours, Inc.

OPINION

**CROSKEY, J.**—Henry M. Lee represented Ok Song Chang (Chang) as her attorney in employment litigation resulting in a $62,246.74 judgment in favor of Chang after a jury trial. The trial court also awarded Chang $300,000 in attorney fees under Labor Code sections 1194, subdivision (a) and 226, subdivision (e). Chang later substituted herself in propria persona for her former attorney. Henry M. Lee Law Corporation then moved to intervene in

the action and to amend the postjudgment order awarding attorney fees to make the fee award payable to Henry M. Lee Law Corporation.[1] The trial court denied the motion.

Lee petitioned this court for extraordinary relief contending that he is entitled to intervene and that the attorney fee award belongs to and should be made payable to him. We conclude that Lee, as a person whose interests were injuriously affected by the order awarding attorney fees, was entitled to move to vacate the order and enter a new order awarding fees to him. We also conclude that an appeal from the denial of his motion is not an adequate legal remedy in these circumstances and that extraordinary writ review is appropriate. On the merits of the motion, we hold that an attorney fee award under Labor Code sections 1194, subdivision (a) and 226, subdivision (e) should be made payable to the attorney who provided the legal services rather than the client, unless their fee agreement otherwise provides. Because there remains an unresolved factual question as to the terms of the agreement entered into by Chang and Lee, the trial court, on remand, must reconsider its ruling on Lee's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

Chang filed a complaint against A-Ju Tours, Inc. (A-Ju Tours), and others in November 2003 alleging various counts for wage and hour violations and wrongful termination, among other counts. The case was tried before a jury in July 2010. Lee represented Chang as her attorney.

The jury returned a special verdict finding that Chang was an employee of A-Ju Tours and that A-Ju Tours had failed to pay minimum wages. It further found that A-Ju Tours did not fail to pay overtime wages and that Chang was not wrongfully forced to resign. The trial court denied a motion for new trial by A-Ju Tours, but granted in part its motion for judgment notwithstanding the judgment. The court entered a judgment in January 2011 awarding Chang $30,150 in unpaid minimum wages, a $1,920 waiting time penalty (Lab. Code, § 203), a $4,000 penalty for failure to provide an itemized wage statement (*id.*, § 226), $15,075 in liquidated damages and $11,101.74 in prejudgment interest, all against A-Ju Tours. The total amount awarded in favor of Chang and against A-Ju Tours was $62,246.74. The judgment did not determine any entitlement to attorney fees. A-Ju Tours filed a notice of appeal from the judgment in February 2011 (*Chang v. A-Ju Tours, Inc.* (B230858)) and provided an undertaking. That appeal is still pending.

---

[1] The petitioner is Henry M. Lee Law Corporation. For ease of reference, we shall hereafter refer to Lee or his law corporation as Lee. We need not decide the significance, if any, of the distinction between the two.

Chang and A-Ju Tours each moved for an attorney fee award. The trial court granted Chang's motion on April 25, 2011, awarding her $300,000 in fees under Labor Code sections 1194, subdivision (a) and 226, subdivision (e). The court also granted the motion by A-Ju Tours in part, awarding it $15,250 in fees under Labor Code section 218.5. The court amended the judgment by interlineation to include the attorney fee awards. (See Cal. Rules of Court, rule 3.1700(b)(4).) A-Ju Tours filed a notice of appeal from the postjudgment order awarding attorney fees in May 2011 (*Chang v. A-Ju Tours, Inc.* (B232815)).[2] That appeal is also still pending.

The clerk of the court issued a writ of execution on the attorney fee award on May 6, 2011. The trial court, however, granted A-Ju Tours's ex parte application to recall that writ on May 12, 2011, stayed enforcement of the attorney fee award and scheduled a hearing for May 20, 2011, to determine whether the undertaking was sufficient. On May 20, 2011, the court determined that the undertaking was insufficient and continued the stay for 10 days to allow A-Ju Tours to either increase the amount of the undertaking or provide a separate undertaking for the attorney fee award.[3] A-Ju Tours apparently did neither.

Chang filed a substitution of attorney form in the trial court on May 25, 2011, substituting herself in propria persona for Lee. Chang signed the form, but the signature line for Lee was left blank. Chang later retained new counsel.

Lee, purportedly on behalf of Chang, filed an ex parte application on June 1, 2011, to vacate the stay of enforcement of the attorney fee award and reissue the recalled writ of execution.[4] A-Ju Tours opposed the application, arguing that Lee no longer represented Chang and had no authority to seek relief on her behalf. A-Ju Tours presented a written notice from Chang to Lee stating that she was discharging him as her attorney and asking him to sign a substitution of attorney form. The trial court denied the ex parte application, stating that Lee had failed to establish that he continued to represent Chang. The court also stated that if no additional undertaking was provided the stay had expired in accordance with the order of May 20, 2011.[5]

Lee filed an ex parte application on his own behalf on June 7, 2011, seeking (1) leave to intervene in the action and (2) an amendment of the

---

[2] A postjudgment order awarding attorney fees is separately appealable. (*R. P. Richards, Inc. v. Chartered Construction Corp.* (2000) 83 Cal.App.4th 146, 158 [99 Cal.Rptr.2d 425].)

[3] We judicially notice the writ of execution issued on May 6, 2011, and the order filed on May 20, 2011. (Evid. Code, § 452, subd. (d).)

[4] We judicially notice the ex parte application filed on June 1, 2011. (Evid. Code, § 452, subd. (d).)

[5] We judicially notice the minute order filed on June 3, 2011. (Evid. Code, § 452, subd. (d).)

postjudgment order awarding attorney fees to make the fee award payable to him. The trial court scheduled a hearing on the motion for July 15, 2011. Chang and A-Ju Tours both opposed the motion. Chang filed a declaration stating that she had notified Lee that he no longer represented her.

The trial court concluded that the pending appeals from the judgment and the postjudgment order awarding attorney fees deprived it of jurisdiction to grant the requested relief. The court stated further that even if it had jurisdiction, the motion was denied on the merits because Labor Code sections 1194, subdivision (a) and 226, subdivision (e) both unambiguously provide for an award of fees payable to the employee rather than her attorney. The court therefore denied the motion in its entirety on July 15, 2011.

Lee commenced a separate action against Chang by filing a complaint against her on July 21, 2011 (*Henry M. Lee Law Corp. v. Chang* (Super. Ct. L.A. County, No. BC465694)), alleging counts for (1) breach of a written contract, seeking reimbursement of costs and expenses advanced to prosecute the present action, and (2) declaratory relief, seeking a declaration that the $300,000 attorney fee award belongs to Lee and cannot be compromised or settled by Chang. That action is pending and is not at issue in this writ proceeding.

In addition, Lee petitioned this court for extraordinary relief, challenging the denial of his motion. In light of the important issues raised and their potential impact on the pending appeals, we issued an order to show cause and set the matter for oral argument.[6]

## CONTENTIONS

Lee contends that the attorney fee award should be made payable to him rather than Chang and that he is entitled to intervene in this action to seek such relief.

---

[6] Chang and A-Ju Tours later requested a stipulated reversal of the judgment and the postjudgment order awarding attorney fees, stating that they agreed that reversible error had occurred. They stated that they had reached a settlement and requested that the judgment and order be reversed with directions to the trial court to dismiss the action and order each party to bear its own costs and attorney fees. We ultimately denied the request pursuant to Code of Civil Procedure section 128, subdivision (a) on the grounds that there was a reasonable possibility that Lee's interests would be adversely affected by the reversal.

## DISCUSSION

1. *Lee Had Standing to Move to Vacate the Attorney Fee Order and Extraordinary Writ Review of the Denial of that Motion Is Appropriate*

■ A nonparty whose rights or interests are injuriously affected by a judgment or an appealable order may file a nonstatutory motion to vacate the judgment or order, and may appeal the denial of such a motion. (*Luckenbach v. Laer* (1923) 190 Cal. 395, 398 [212 P. 918]; *Estate of Baker* (1915) 170 Cal. 578, 583 [150 P. 989]; *People ex rel. Reisig v. Broderick Boys* (2007) 149 Cal.App.4th 1506, 1516 [59 Cal.Rptr.3d 64].) A motion to vacate in the trial court provides a means by which such a nonparty may become a party to the litigation with a right of appeal without the need to formally intervene in the action (Code Civ. Proc., § 387).[7] (*Luckenbach, supra*, 190 Cal. at p. 398; cf. *County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 736 & fn. 4 [97 Cal.Rptr. 385, 488 P.2d 953] [motion to vacate under Code Civ. Proc., § 663].)

■ *Luckenbach v. Laer, supra*, 190 Cal. at page 398, explained: "For the purpose of an appeal they have followed the procedure allowed by our practice to one whose rights or interests are injuriously affected by any appealable order made in an action to which he is not a party, through the process of making themselves parties by moving to set those orders aside. [Citation.] Their motions being denied, they may, on this appeal, have the proceedings of which they complain reviewed. [Citations.] Such proceeding can scarcely be said to make them parties to the action, but it does make them parties to the record, and as such entitled to appeal. [Citation.] Unless appellants were permitted to move in the court below to set aside the orders, they would be left without the remedy of an appeal. [Citations.]"

Lee moved to intervene in this action and to amend the order awarding attorney fees to make the fees payable to him. We construe that motion to amend as a nonstatutory motion to vacate the fee order and enter a new order. Lee claims a right to the fee award and that he was injuriously affected by the order awarding fees to Chang. Such claim gave Lee standing to file the motion, and by doing so he became a party to this litigation for purposes of appellate review.

■ Extraordinary writ review by way of a petition for writ of mandate is ordinarily available only if the petitioner has no adequate legal remedy.

---

[7] Formal intervention under Code of Civil Procedure section 387 is unnecessary when the only relief sought is to vacate a judgment or appealable order and enter a new judgment or order in its place. We therefore need not discuss further Lee's contention that he is entitled to intervene.

(*Powers v. City of Richmond* (1995) 10 Cal.4th 85, 112–113 [40 Cal.Rptr.2d 839, 893 P.2d 1160]; see Code Civ. Proc., § 1086.) An immediate direct appeal is presumed to be an adequate legal remedy. (*Powers, supra,* at p. 113.) Writ review is appropriate, however, if such an appeal would be inadequate or the issues presented are of great public importance and require prompt resolution. (*Ibid.*)

A-Ju Tours's appeal from the fee order is currently pending despite the attempt by Chang and A-Ju Tours to settle the dispute and dismiss the appeal. Lee's claim that the fee award should be made payable to him rather than Chang must clearly be resolved before the appeal from the fee order proceeds any further so that he may have an opportunity to participate as a respondent in that appeal if he is successful on his claim. We therefore conclude that an appeal from the order denying his motion to vacate is not an adequate remedy and that expedited review in this extraordinary writ proceeding is appropriate.

### 2. *The Trial Court Retained Jurisdiction to Rule on Lee's Motion*

A timely appeal stays trial court proceedings on all matters embraced in or affected by the appealed judgment or order, including its enforcement, but the court can proceed on other matters within the action. (Code Civ. Proc., § 916, subd. (a).)[8] The purpose of the automatic stay is to protect the appellate court's jurisdiction by preserving the status quo and preventing the trial court from undermining or otherwise affecting the effectiveness of the appeal by altering the appealed judgment or order. (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 189 [25 Cal.Rptr.3d 298, 106 P.3d 958].) A matter is embraced in or affected by the appealed judgment or order within the meaning of Code of Civil Procedure section 916, subdivision (a) only if trial court proceedings on the matter would affect the effectiveness of the appeal. (*Varian, supra,* at p. 189.)

As already suggested, the relief sought by Lee's motion was to change the fee order so that it was payable to him rather than Chang. Clearly, such a result would have no impact on the effectiveness of the appeal by A-Ju Tours from the order awarding attorney fees or its appeal from the judgment. A-Ju Tours's challenge to the attorney fee award presumably will be the same whether the award is payable to Chang or to Lee. We therefore conclude that the issues raised by Lee's motion are not embraced in or affected by the appealed judgment or order within the meaning of Code of Civil Procedure

---

[8] "Except as provided in Sections 917.1 to 917.9, inclusive, and in Section 116.810, the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order." (Code Civ. Proc., § 916, subd. (a).)

section 916, subdivision (a). Therefore, the pendency of the appeals did not deprive the trial court of jurisdiction to consider and rule upon that motion.

 3. *Attorney Fees Awarded Under Labor Code Sections 1194 and 226 Are Payable to the Attorney, Absent an Agreement to the Contrary*

 a. *Labor Code Sections 1194 and 226*

■ Any employee who receives less than the legal minimum wage or overtime compensation to which the employee is entitled is entitled to recover the unpaid amount in a civil action, in addition to interest and attorney fees. (Lab. Code, § 1194, subd. (a).)[9] Any employee who suffers injury as a result of his or her employer's knowing and intentional failure to timely provide an accurate itemized wage statement is entitled to recover a penalty and attorney fees. (Lab. Code, § 226, subd. (e).)[10] Labor Code sections 1194, subdivision (a) and 226, subdivision (e) both authorize fee awards to an "employee." The trial court awarded Chang attorney fees under both of these provisions. The question before us is whether a fee award under these provisions belongs to the client or the attorney.

 b. *Rules of Statutory Construction*

■ "Our fundamental task in construing a statute is to ascertain the legislative intent so as to effectuate the purpose of the law. (*Hassan v. Mercy American River Hospital* (2003) 31 Cal.4th 709, 715 [3 Cal.Rptr.3d 623, 74 P.3d 726].) Because the statutory language ordinarily is the most reliable indicator of legislative intent, we begin by examining the words of the statute. (*Ibid.*) We give the words of the statute their ordinary and usual meaning and construe them in the context of the statute as a whole and the entire scheme of law of which it is a part. (*State Farm Mutual Automobile Ins. Co. v. Garamendi* (2004) 32 Cal.4th 1029, 1043 [12 Cal.Rptr.3d 343, 88 P.3d 71].) If the language is clear and a literal construction would not result in absurd consequences that the Legislature did not intend, we presume that the Legislature meant what it said and the plain meaning governs. (*Coalition of*

---

[9] "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." (Lab. Code, § 1194, subd. (a).)

[10] "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees." (Lab. Code, § 226, subd. (e).)

*Concerned Communities, Inc. v. City of Los Angeles* (2004) 34 Cal.4th 733, 737 [21 Cal.Rptr.3d 676, 101 P.3d 563].) If the language is ambiguous, we may consider a variety of extrinsic aids, including the purpose of the statute, legislative history, and public policy. (*Ibid.*)" (*Frontier Oil Corp. v. RLI Ins. Co.* (2007) 153 Cal.App.4th 1436, 1448–1449 [63 Cal.Rptr.3d 816].)

### c. *Flannery v. Prentice*

■ The California Supreme Court in *Flannery v. Prentice* (2001) 26 Cal.4th 572 [110 Cal.Rptr.2d 809, 28 P.3d 860] (*Flannery*) decided a question analogous to the one presented here. *Flannery* construed Government Code section 12965, subdivision (b), which authorizes an attorney fee award "to the prevailing party" (*ibid.*) in actions for employment discrimination under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). *Flannery* stated, " 'In the countless procedural statutes in which the term "party" is used, it is commonly understood to refer to either the actual litigant or the litigant's attorney of record. [Citations.] Since that is the ordinary import of the term, that is the meaning we must ascribe to it when used in [a statute], unless the Legislature has clearly indicated a contrary intent . . . . ' [Citations.]" (*Flannery, supra,* at p. 578.)

*Flannery* stated further, "Even if we were to construe 'party' in [Government Code] section 12965 formally to designate a litigant only, that would not preclude our also declaring that *beneficial* ownership of section 12965 fees remains, absent contract, with the attorneys they are designed to compensate. [Citation]." (*Flannery, supra,* 26 Cal.4th at p. 578.)

*Flannery* concluded that the statute was ambiguous as to the meaning of "party" and therefore considered the legislative intent in light of federal and California precedents and public policy concerns. (*Flannery, supra,* 26 Cal.4th at pp. 579–590.) *Flannery* distinguished federal opinions generally holding that the client, rather than the attorney, is entitled to seek, recover or waive statutory attorney fees, and stated that the federal opinions were not controlling. (*Id.* at pp. 579–581.) *Flannery* also noted federal authority holding that once the client exercises the right to seek attorney fees, the attorney is entitled to receive the fees recovered. (*Id.* at p. 581.) *Flannery* stated that although federal law was not uniform, " '[t]he propriety of a direct award to the plaintiffs' attorney, rather than to plaintiffs themselves, in the exercise of the court's equitable powers, is no longer questioned in the federal courts.' [Citation.]" (*Id.* at pp. 581–582.)

*Flannery* noted that at the time the statutory language at issue in that case was originally enacted in 1978, California courts had determined that attorney fee awards, including fees authorized by statute, could be made payable

directly to the attorney. (*Flannery, supra*, 26 Cal.4th at p. 582.) *Flannery* also noted the statement in *Folsom v. Butte County Assn. of Governments* (1982) 32 Cal.3d 668, 682, footnote 26 [186 Cal.Rptr. 589, 652 P.2d 437], that it was " 'established that [attorney fee] awards [under Code of Civil Procedure section 1021.5] are properly made to plaintiffs' attorneys rather than to plaintiffs themselves.' "[11] (*Flannery, supra*, at p. 582.) *Flannery* stated that neither the enactment of Government Code section 12965 nor its amendment showed any legislative intent to repudiate those precedents. (*Flannery, supra*, at p. 582.)

*Flannery* further stated that privately initiated lawsuits often are essential to effectuate the fundamental public policies embodied in constitutional or statutory provisions, and the ability to recover attorney fees may be essential to ensure the filing of such private actions.[12] (*Flannery, supra*, 26 Cal.4th at p. 583.) "Attorneys considering whether to undertake cases that vindicate fundamental public policies may require statutory assurance that, if they obtain a favorable result for their client, they will actually receive the reasonable attorney fees provided for by the Legislature and computed by the court." (*Ibid.*) *Flannery* concluded that construing Government Code section 12965, subdivision (b) as vesting ownership of attorney fees in the litigant rather than in counsel, absent a contract providing for a contrary disposition of a fee award, would diminish the certainty that attorneys who undertake FEHA cases will be fully compensated and to that extent would be contrary to the legislative intent of encouraging counsel to undertake FEHA litigation. (*Flannery, supra*, at p. 583.)

*Flannery* emphasized that such a construction of Government Code section 12965, subdivision (b) was consistent with the legislative intent of encouraging counsel to undertake FEHA litigation. (*Flannery, supra*, 26 Cal.4th at pp. 584–585.) Because an award of "reasonable" attorney fees under a fee-shifting statute generally is based on the reasonable market value of legal services and may exceed the amount that the client has agreed to pay the attorney, paying those fees to the attorney rather than the litigant avoids unjust enrichment. (*Id.* at pp. 585–586.) Paying a fee award to the attorney who earned the fees rather than the litigant who has neither paid the fees to the attorney nor is contractually obligated to pay that amount also ensures fairness to the opposing litigant paying the fees and avoids potentially violating the prohibition against sharing legal fees with nonlawyers. (*Id.* at pp. 586–587.) Finally, *Flannery* rejected the argument that attorneys are

---

[11] Code of Civil Procedure section 1021.5 states a court may award attorney fees "to a successful party" in any action that results in the enforcement of an important right affecting the public interest, in certain circumstances.

[12] *Flannery* noted that the policy embodied in FEHA against discrimination in employment is a fundamental public policy. (*Flannery, supra*, 26 Cal.4th at p. 584.)

entitled to a fee award under Government Code section 12965 only if a written fee agreement so provides. (*Flannery, supra,* 26 Cal.4th at pp. 588–589.)

*Flannery* concluded that attorney fees awarded under Government Code section 12965 in excess of fees already paid to the attorneys "belong, absent an enforceable agreement to the contrary, to the attorneys who labored to earn them." (*Flannery, supra,* 26 Cal.4th at p. 590; see *Lindelli v. Town of San Anselmo* (2006) 139 Cal.App.4th 1499, 1509–1510 [43 Cal.Rptr.3d 707] [applied the *Flannery* reasoning and conclusion to fees awarded under Code Civ. Proc., § 1021.5].) As we now explain, we believe that same analysis shall be applied to fees awarded under Labor Code sections 1194, subdivision (a) and 226, subdivision (e).

### d. *The Rule from Flannery Applies to Attorney Fees Awarded Under Labor Code Sections 1194 and 226*

■ Labor Code sections 1194, subdivision (a) and 226, subdivision (e) authorize a fee award to an "employee" rather than a "party." These provisions do not expressly distinguish an employee from the employee's attorney. Just as *Flannery, supra,* 26 Cal.4th 572, stated that the term "party" was ambiguous in the context of a statute providing for an attorney fee award to the prevailing party in FEHA litigation, we conclude that the term "employee" is similarly ambiguous in the context of wage and hour statutes providing for a fee award to an employee who is entitled to damages or a penalty under the statutes. The term "employee" identifies a particular category of litigants (generally plaintiffs in wage and hour litigation) and in this regard differs from the more general term "party," which refers to any litigant. But this distinction does not suggest any greater certainty as to whether the litigant or the attorney is entitled to a fee award. We believe that the same ambiguity that *Flannery* found in the term "party" is also inherent in the term "employee" as used in this context.

The statutory language at issue here was added to the statutes in 1976 and 1991. (Stats. 1976, ch. 832, § 1, pp. 1899–1900 [amending Lab. Code, § 226]; Stats. 1991, ch. 825, § 2, p. 3666 [amending Lab. Code, § 1194].) By the time of the enactment of the statutory language at issue in *Flannery* in 1978, California courts had determined that statutory attorney fees could be made payable directly to the attorney. (*Flannery, supra,* 26 Cal.4th at p. 582.) The same opinions cited in *Flannery* on this point also show that the courts had so determined by the time of the enactment in 1976 and 1991 of the statutory language at issue here. (*Ibid.,* citing *Serrano v. Priest* (1977) 20 Cal.3d 25, 47 [141 Cal.Rptr. 315, 569 P.2d 1303]; *Horn v. Swoap* (1974) 41 Cal.App.3d 375, 383–384 [116 Cal.Rptr. 113]; *Knoff v. City etc. of San*

*Francisco* (1969) 1 Cal.App.3d 184, 203–204 & fn. 14 [81 Cal.Rptr. 683].) As in *Flannery, supra*, at page 582, neither the language enacted in 1976 and 1991 nor subsequent amendments to Labor Code sections 1194 and 226 reveal any intention to repudiate those precedents.

" '[T]he public policy in favor of full and prompt payment of an employee's earned wages is fundamental and well established.' " (*Pineda v. Bank of America, N.A.* (2010) 50 Cal.4th 1389, 1400 [117 Cal.Rptr.3d 377, 241 P.3d 870].) The failure to timely pay wages injures not only the employee, but also the public at large. (*Ibid.*) Both Labor Code sections 1194 and 226 play an important role in vindicating this fundamental public policy.

As with FEHA litigation, privately initiated lawsuits are often essential to vindicate the right to payment of earned wages and to effectuate the fundamental public policy in favor of such payment. The attorney fee provisions in Labor Code sections 1194, subdivision (a) and 226, subdivision (e) encourage counsel to prosecute such wage and hour litigation. (Cf. *Flannery, supra*, 26 Cal.4th at p. 583.) Construing Labor Code sections 1194, subdivision (a) and 226, subdivision (e) as requiring the payment of a statutory attorney fee award to the litigant rather than to the attorney, absent a contract providing for a different disposition of an attorney fee award, would diminish the certainty that attorneys who undertake such litigation will be fully compensated, contrary to the legislative intent of encouraging counsel to prosecute such litigation. (Cf. *Flannery, supra*, at p. 583.)

In addition, such a construction of Labor Code sections 1194, subdivision (a) and 226, subdivision (e) is consistent with the legislative intent of encouraging counsel to prosecute wage and hour litigation. (Cf. *Flannery, supra*, 26 Cal.4th at pp. 584–585.) As was true in *Flannery, supra*, at pages 585–587, such a construction would also avoid unjust enrichment of the employee, ensure fairness to the opposing litigant paying the attorney fees and avoid a potential violation of the prohibition against sharing legal fees with nonlawyers.

██ We therefore conclude, in accordance with *Flannery, supra*, 26 Cal.4th 572, that absent a contract determining a different disposition of an attorney fee award, attorney fees awarded under Labor Code sections 1194, subdivision (a) and 226, subdivision (e), in excess of fees already paid to the attorneys by the client, should be made payable directly to the attorney who provided the legal services.

### 4. *The Trial Court Must Reconsider the Motion to Vacate the Fee Order*

██ As already stated, we conclude that absent a contract otherwise determining the disposition of an attorney fee award, the award of fees to

Chang was legally erroneous and Lee, as the attorney who provided the legal services, is entitled to the award. As the trial court denied Lee's motion on legal grounds that we have rejected, it has had no occasion to construe or apply the agreement between Chang and Lee regarding the amount and payment of the latter's fees. Upon remand, the trial court must therefore conduct further proceedings to determine the terms of that contract and then reconsider its ruling on Lee's motion in light of the views expressed in this opinion.

## *DISPOSITION*

The petition for writ of mandate is granted. Let a peremptory writ of mandate issue directing the trial court to (1) vacate its order denying Lee's motion and (2) conduct further proceedings consistent with the views expressed in this opinion. Lee shall recover his costs in this appellate proceeding.

Klein, P. J., and Kitching, J., concurred.